LEROY D. MORNEAU, Plaintiff-Appellant, *v.* STARK EN-
TERPRISES, LTD., BRUCE C. STARK, AYM DE-
VELOPMENT CORPORATION, ARTHUR Y. MURA-
OKA, MARSHALL FUNDING CORPORATION,
PAUL M. BATES, ALII INVESTMENT CO., INC.,
JOHN RUSSELL RUMMELL and RUMMELL, BOONE
& BROOKS, INC., Defendants-Appellees

NO. 5596

AUGUST 18, 1975

KOBAYASHI, Acting C.J., OGATA and MENOR, JJ.,
KAWAKAMI, Circuit Judge, in Place of
RICHARDSON, C.J., Absent, and KATO,
Circuit Judge, Assigned by Reason of
Vacancy

OPINION OF THE COURT BY OGATA, J.

On December 4, 1973, the court below entered a judgment which dismissed a personal injury complaint filed by plaintiff LeRoy D. Morneau against the defendants Stark Enterprises, Ltd., Bruce C. Stark, AYM Development Corporation, Arthur Y. Muraoka, Marshall Funding Corporation, Paul M. Bates, Alii Investment Co., Inc., John Russell Rummell and Rummell, Boone & Brooks, Inc. Plaintiff has appealed from this judgment. We affirm.

In a prior personal injury suit brought by plaintiff, he alleged in his complaint filed on February 4, 1970, that he was injured on January 24, 1970, while leaving the premises of the Royal Vista apartment house, particularly on a ramp providing egress from the apartment house to Prospect Street in Honolulu. He further alleged that he was injured because of the negligent construction and maintenance of the ramp by the defendants Yau Hoon Leong, the fee simple owner of the land on which the Royal Vista apartment house was constructed, and the Association of Apartment House Owners of the Royal Vista. During the course of the pleading process in that action all of the present defendants were brought into the action as third party defendants and remained as such until July 12, 1971, the day when trial commenced. On that date by stipulation they were dismissed from that case except for third party defendants John Russell Rummell and Rummell, Boone & Brooks, Inc. Since the plaintiff did not amend his complaint to add these third party defendants as party defendants to his claim, the stipulation was not executed by plaintiff and it was filed with the record without prior notice to him. In that action, plaintiff had a full and fair opportunity to

litigate the relevant issue of whether the ramp was constructed in a manner suitable for the purpose for which it was intended to be used. The first action resulted in a jury verdict on the merits for the defendants, the fee simple owner of the land and the Association of Apartment House Owners.[1] On August 17, 1971, a judgment was entered in that case against the plaintiff and for the defendants, and the third party defendants John Russell Rummell and Rummell, Boone & Brooks were dismissed.[2]

The plaintiff filed the complaint in the present action on September 1, 1971. In it he alleged essentially the same claim of negligent construction of the ramp. However, the plaintiff omitted from the complaint any reference to negligent maintenance of the ramp. He named the developers of the Royal Vista apartment house, the third party defendants who were dismissed when trial commenced in the first action, as defendants in this action. He also named as defendants in this action the architects for the project, John Russell Rummell and Rummell, Boone & Brooks, Inc., the third party defendants who were not dismissed from the former action.

This appeal presents a single issue for our disposition. The plaintiff contends in this appeal that the trial court erred when it invoked the "doctrines of res judicata and/or collateral estoppel to bar plaintiff's action" against these defendants. We disagree.

We quoted in *Ellis v. Crockett*, 51 Haw. 45, 55, 451 P.2d 814, 822 (1969), from a previous opinion of this court in *In re Bishop Estate*, 36 Haw. 403, 416 (1943), on the effect of res judicata as follows:

"[t]he judgment of a court of competent jurisdiction is a bar to a new action in any court between the same parties or their privies concerning the same subject matter, and

---

[1] The jury's verdict in the form of interrogatory found that the defendants were not negligent as alleged in the complaint.

[2] Plaintiff appealed the judgment, and this court affirmed, holding that "[t]he record of this case fails to reflect any error." 54 Haw. 682 (1973) (Memorandum Opinion).

precludes the relitigation, not only of the issues which were actually litigated in the first action, but also of all grounds of claim and defense which might have been properly litigated in the first action but were not litigated or decided."

We further commented in *Ellis v. Crockett, supra,* on the significance of the doctrine of collateral estoppel, 51 Haw. at 55-56, 451 P.2d at 822, as follows:

"Collateral estoppel is an aspect of *res judicata* which precludes the relitigation of a fact or issue which was previously determined in a prior suit on a different claim between the same parties or their privies. *Yuen v. London Guarantee and Accident Co.,* 40 Haw. 213, 223 (1953); *Henderson v. Pence,* 50 Haw. 162, 163, 434 P.2d 309, 310 (1967). Collateral estoppel also precludes relitigation of facts or issues previously determined when it is raised defensively by one not a party in a prior suit against one who was a party in that suit and who himself raised and litigated the fact or issue."

Based upon our decision in *Ellis,* this jurisdiction has been classified as one in which the requirement of mutuality has been at least abandoned to permit a stranger to a judgment to rely upon it defensively against a party to such judgment, or a privy to such party. *See* Annotation 31 ALR3d 1044, at page 1072, *Estoppel by Judgment – Mutuality Need.* This same annotation makes the following observation: "The cases which abandon the mutuality rule, whether in whole or in part,[3] agree, expressly or by implication, that the doctrine of collateral estoppel can be invoked by a stranger to the judgment only against one who was a party, or in privity with a party, to the judgment and had a full opportunity in the prior action to litigate the relevant issue." *Id.* page 1067.

The passage above quoted from *Ellis,* with respect to the invocation of collateral estoppel by a stranger to a judgment to preclude the relitigation of facts or issues previously determined against a plaintiff who was a party to such judgment makes reference to *Bernhard v. Bank of America Nat. Trust*

---

[3] *See* Blonder-Tongue v. University Foundation, 402 U.S. 313, 326 (1971).

*and Savings Ass'n.*, 19 Cal.2d 807, 122 P.2d 892 (1942), which is considered to be the leading case in the field of collateral estoppel. In that case the California Supreme Court said at 19 Cal.2d 812, 122 P.2d 895: "No satisfactory rationalization has been advanced for the requirement of mutuality. Just why a party who was not bound by a previous action should be precluded from asserting it as res judicata against a party who was bound by it is difficult to comprehend. (Citation omitted) Many courts have abandoned the requirement of mutuality and confined the requirement of privity to the party against whom the plea of res judicata is asserted."

Further in that case the court said that in determining whether the plea of res judicata[4] is applicable to a particular case the following "three questions are pertinent: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?" 19 Cal.2d 813, 122 P.2d 895. The responses to all of these questions are in the affirmative in this case.

Moreover, under H.R.C.P., Rule 14, governing third party practice, the plaintiff though not required, should have amended his complaint in the former action to implead the developers as joint tortfeasors who were in that action as third party defendants before they were dismissed. As we said in *Ellis*, 51 Haw. at 56, 451 P.2d at 822, "[t]he public interest staunchly permits every litigant to have an opportunity to try his case on the merits; but it also requires that he be limited to one such opportunity." Accordingly, we will not permit a plaintiff to have another opportunity to rehash the same claim the second time around by switching adversaries. Plaintiff through his own choosing is now precluded in the present action under the doctrine of collateral estoppel from relitigating the same issue which was determined by the judgment in the first action.

---

[4] We use the term "res judicata" in this paragraph and also in the preceding paragraph as the California Supreme Court did in *Bernhard v. Bank of America Nat. Trust and Savings Ass'n.*, *supra*, to indicate res judicata in all its aspects. It therefore means and includes collateral estoppel.

We therefore hold that all defendants in the instant action, the developers and architects of Royal Vista apartment house may, even if they were not parties to the first judgment, assert in defense the doctrine of collateral estoppel against the plaintiff. *Ellis v. Crockett, supra; Blonder-Tongue v. University Foundation,* 402 U.S. 313 (1971); *Gambocz v. Yelencsics,* 468 F.2d 837 (3rd Cir. 1972); *Graves v. Associated Transport, Inc.,* 344 F.2d 894 (4th Cir. 1965); *Bruszewski v. United States,* 181 F.2d 419 (3rd Cir. 1950); *Sanderson v. Balfour,* 109 N.H. 213, 247 A.2d 185 (1968); *B. R. DeWitt, Inc. v. Hall,* 19 N.Y.2d 141, 225 N.E.2d 195 (1967); *Bernhard v. Bank of America Nat. Trust & Savings Ass'n., supra; Giedrewicz v. Donovan,* 277 Mass. 563, 179 N.E. 246 (1932); Annotation 31 ALR3d 1044, *Estoppel by Judgment – Mutuality Need.*

Further, there is no question based on the record of the first action that the third party defendants therein, John Russell Rummell and Rummell, Boone & Brooks, Inc., actively participated in that action and were successful in the defense against plaintiff's claim, even though they were not under the pleadings directly adverse to the plaintiff. Notwithstanding the state of the pleadings, our rules permit a third party defendant to assert against the plaintiff any defenses which the third party plaintiff has against the claim of plaintiff.[5] We have further held in *Tamashiro v. De Gama,* 51 Haw. 74, 450 P.2d 998 (1969), that a third party defendant and the plaintiff are in reality adverse parties, even though the plaintiff does not choose to amend his complaint to assert against the third party defendant any of the claims set forth in the complaint.

We are satisfied that defendants John Russell Rummell and Rummell, Boone & Brooks, Inc., the architects, were parties to the former action, or if not parties that they participated sufficiently in that action so that they are bound by the former judgment. The doctrine of res judicata would therefore apply to these defendants. *Adair v. Hustace,* 55 Haw.

---

[5] Rule 14, H.R.C.P., in effect on July 12, 1971, provided in part: "The third party defendant may assert any defenses which the third party plaintiff has to the plaintiff's claim."

445, 521 P.2d 869 (1974); *McBryde Sugar Co. v. Robinson*, 54 Haw. 174, 488 P.2d 1406 (1973); *State Savings & Loan v. Corey*, 53 Haw. 132, 488 P.2d 703 (1971); *Ellis v. Crockett, supra; Yuen v. London Guar. & Acc. Co.*, 40 Haw. 213 (1953); *Bernhard Bank of America Nat. Trust & Savings Ass'n., supra; Greif v. Dullea*, 66 Cal. App.2d 986, 153 P.2d 581 (1944).

Affirmed.

*D. N. Ingman* for plaintiff-appellant.

*Richard Stifel (John A. Roney* on the brief, *Goodsill Anderson & Quinn* of counsel) for defendants-appellees Stark Enterprises, Ltd., Bruce C. Stark, AYM Development Corporation, Arthur Y. Muraoka, Marshall Funding Corporation, Paul M. Bates and Alii Investment Co., Inc.

*Alexander C. Marrack (Anthony, Hoddick, Reinwald & O'Connor* of counsel) for defendants-appellees John Russell Rummell and Rummell, Boone & Brooks, Inc.