DON ANTHONY GOMES, Plaintiff-Appellant, *v.* STEVEN TYAU, Defendant-Appellee

NO. 5793

JULY 13, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR and KIDWELL, JJ.

OPINION OF THE COURT BY OGATA, J.

This is an appeal from the decision and order of the Circuit Court of the First Circuit granting the defendant's

motion for summary judgment. This court has jurisdiction pursuant to HRS § 602-5 (Supp. 1975) and § 641-1 (Supp. 1975). We affirm.

On April 16. 1974. plaintiff, Don Anthony Gomes (hereinafter referred to as appellant) filed a complaint in the Circuit Court alleging that on December 4, 1973, while he was incarcerated by the Honolulu Police Department, defendant, Steven Tyau (hereinafter referred to as appellee), a licensed physician, administered to appellant a penile wash[1] to determine whether there was any specimen of spermatozoa. The complaint alleges that the penile wash was administered over the objection of appellant and "without a warrant of search and seizure and in professional misconduct and gross carelessness of the rights of [appellant], who was not the patient of [appellee]." The complaint characterizes appellee as "assaulting and battering" the appellant.

On April 26, 1974. appellee filed his answer admitting the allegations in paragraph 1 of the complaint that he and appellant are residents of Honolulu. City and County of Honolulu, State of Hawaii, and that he is a licensed physician but denying, and therefore putting in issue, all other allegations contained in the complaint. The answer further alleged a number of affirmative defenses.

On July 26, 1974, appellee filed a motion for summary judgment on four of the grounds asserted as affirmative defenses in his answer. The grounds were:

"I. Plaintiff has brought a second cause of action based upon identical factual circumstances determined in a prior adjudicated case, and has thereby violated the rule against splitting a cause of action.

---

[1] In exhibit C attached to the motion for summary judgment. a penile wash is described as follows:

"This is a procedure in which the male organ is washed. or swabbed. with a moist applicator and, secondly. the urethra is irrigated with a small amount of saline. and the washing is recovered in a little cup. The washing is then sent to the laboratory, where it is spun down and the sediment is smeared on a glass slide to determine the presence of sperm."

II. Under the doctrine of *res judicata* plaintiff is barred from relitigating a cause of action which has already been determined.

III. Plaintiff is estopped from pursuing the within cause of action under the doctrine of collateral estoppel.

IV. Under the doctrine of election of remedies Plaintiff is, by virtue of the existing judgment in favor of the principal, City and County of Honolulu, precluded from instituting a second action based on the same acts, against the named Defendant who is a servant and employee of the City and County of Honolulu.''

This motion was based on the record and file in this case, the record and file contained in "*Don Anthony Gomes, et al., v. City and County of Honolulu,*" (Civil No. 40923) and the memorandum of authorities attached to the motion.

The record and file before the court prior to the motion for summary judgment consisted only of the complaint and summons, the return of service and the answer. As outlined above, appellee in his pleadings disputed nearly all the facts alleged in the complaint. In support of his motion for summary judgment, appellee attached four exhibits to his memorandum of points and authorities. These exhibits purport to be copies of a complaint and summons in a case styled "Manuel Gomes, Agatha Miller Gomes, Don Anthony Gomes and Allen Dennis Gomes vs. City and County of Honolulu'', Civ. No. 40923, in the Circuit Court of the First Circuit, State of Hawaii, and copies of portions of the transcript of certain of the proceedings in Civ. No. 40923.

These copies disclose the following facts. The complaint in the prior action alleged that on December 3 and 4, 1973, the City and County of Honolulu violated the civil and constitutional rights of the plaintiffs in that case. Of particular relevance to the case before us, the complaint alleged that the City and County falsely arrested appellant, committed "various acts of assault and battery" upon him, falsely arrested him, falsely imprisoned him and falsely charged him with rape in the first degree. The City and County allegedly violated appellant's rights through the acts of "members of the

Honolulu Police Department, in the course of their employment as policemen." At trial on that complaint, however, appellant also called as a witness appellee who testified that as an employee of the City and County Health Department he had administered a penile wash to appellant at the direction of certain police officers. In that prior trial, appellant's attorney took the witness stand and testified that he had witnessed the administration of the penile wash and, on behalf of appellant, had objected to the same. Appellant himself testified that he had willingly gone with the police to see appellee. It is clear, therefore, that the incident alleged which is the subject of the complaint in the instant case was placed in issue before the jury in the prior action as one of the alleged grounds of liability of the City and County of Honolulu. Although a copy of the verdict or judgment was not one of the exhibits attached to the motion for summary judgment, the fact that the jury resolved the issues in the former case against appellant is apparent from exhibit D, which is a copy of the transcript of the hearing on appellant's motion for new trial in that case.

In his response appellant based his opposition to the motion for summary judgment on the grounds that the verdict in the prior suit in favor of the City and County of Honolulu does not refer to an action between appellant and appellee and that the complaint in the prior suit alleged assault and battery of appellant by members of the Honolulu Police Department not by appellee who was "employed by the Department of Health of the City (Def. exhibit 'P' in said case)."

The trial court granted the motion on September 11, 1974. The trial court's decision and order indicates that in making his determination the trial judge considered the records of the former suit as shown by the exhibits attached to the motion. We note that the asserted liability of the defendant City in that case was predicated upon the acts of its employees and was therefore derivative.

The question presented to us is whether a judgment in favor of the employer bars a subsequent action against an employee by the same plaintiff on the basis of the same acts.

While traditional application of the doctrines of res judicata and collateral estoppel requires that there be identity of parties in both actions, there is a long recognized exception to this requirement where "the liability of a defendant is dependent . . . on the existence of a culpable act, that has been determined not to exist in other litigation by the same plaintiff, to which the defendant was neither a party nor privy." 1B Moore's Federal Practice ¶0.412[3], ¶0.441[3]. This exception is applicable where there is an employer-employee relationship between the successive defendants. *See* 1B Moore's Federal Practice ¶0.412[5]. Consequently, under traditional rules plaintiff may be barred from pursuing successive suits where the same issue has been litigated or could have been litigated.

But in applying the doctrine of collateral estoppel we have in this jurisdiction partially abandoned the traditional requirement of identity of parties. In *Ellis* v. *Crockett*, 51 Haw. 45, 451 P.2d 814 (1969), we stated:

"Collateral estoppel is an aspect of *res judicata* which precludes the relitigation of a fact or issue which was previously determined in a prior suit on a different claim between the same parties or their privies. *Yuen* v. *London Guarantee and Accident Co.*, 40 Haw. 213, 223 (1953); *Henderson* v. *Pence*, 50 Haw. 162, 163, 434 P.2d 309, 310 (1967). Collateral estoppel also precludes relitigation of facts or issues previously determined when it is raised defensively by one not a party in a prior suit against one who was a party in that suit and who himself raised and litigated the fact or issue."

*Id.*, 51 Haw. at 55-56, 451 P.2d at 822. We applied the doctrine of collateral estoppel most recently in *Morneau* v. *Stark Enterprises, Ltd.*, 56 Haw. 420, 539, P.2d 472 (1975), where we held:

"[W]e will not permit a plaintiff to have another opportunity to rehash the same claim the second time around by switching adversaries. Plaintiff through his own choosing is now precluded in the present action under the doctrine of collateral estoppel from relitigating the same issue

[whether a ramp had been negligently constructed] which was determined by the judgment in the first action." *Id.,* 56 Haw. at 424, 539 P.2d at 476.

Whether the acts committed on December 3 and 4, 1973, by employees of the City and County of Honolulu, including the appellee, upon appellant were tortious was an issue raised in the previous action. When it returned a verdict against appellant in that action, the jury resolved that issue against appellant. Under our decisions in *Ellis* v. *Crockett, supra,* and *Morneau* v. *Stark Enterprises, Ltd., supra,* the prior resolution of that issue may properly be raised defensively against appellant in this case. Consequently, since appellant is bound by that prior resolution, appellee is entitled to summary judgment on the complaint in this case.

Judgment is affirmed.

*Arthur K. Trask* for plaintiff-appellant.

*Edmund L. Lee, Jr.,* Deputy Corporation Counsel (*Barry Chung,* Corporation Counsel, of counsel) for defendant-appellee.