COLEMAN INDUSTRIES, INC., a Hawaii corporation, Plaintiff-Appellant, *v.* THE TONY TEAM, INC., a Minnesota corporation, Defendant-Appellee

NO. 6898

APRIL 2, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is an appeal from a summary judgment below holding the claim asserted to be barred by the doctrine of *res judicata.*

In the first action, appellant sued appellee and another for recission of all purchases by it of appellee's goods based on alleged misrepresentations by appellee as to the status of the other defendant in that case as its exclusive distributor in Hawaii. Appellant had purchased a van from appellee. In the course of the first trial, appellant put into issue, without objection, a contention that appellee had sold it the van by misrepresenting it to be new and not used. The court granted judgment for appellee, finding it had suffered no damage by the alleged misrepresentations.

Subsequently, appellee filed this suit alleging that the status of the van as a new vehicle was misrepresented and praying recission. The court below granted summary judgment holding the previous judgment to be *res adjudicata.* We affirm.

If an issue might properly have been litigated in a prior action but was not although the same subject matter and the same parties were involved, it cannot be the subject of a new action. *Morneau v. Stark Enterprises, Ltd.,* 56 Haw. 420, 422-423, 539 P.2d 472, 474-475 (1975). Here, the recission sought in the second suit was within the ambit of the relief prayed in the first so the subject matter as well as the parties was the same in the two.

Moreover, in this case, the record is clear that evidence of the misrepresentation complained of in the second suit was adduced, without objection, in the first. Under Rule 15(b), Hawaii Rules of Civil Procedure, an issue not raised may be tried by implied consent. That is what happened in the first case. The finding in that case of no damage covered the relief here sought. The fact that the pleadings were not amended to encompass the issue here raised is of no moment. Appellant had its day in court. It is not entitled to a second.

Affirmed.

*Alan Yee (Law Office of Ian L. Mattoch* and *Charles T. Kleintop* of counsel) *(Stephen P. Pingree* on the brief) for plaintiff-appellant.

*John Francis Perkin (Hoddick, Reinwald, O'Connor & Marrack* of counsel) for defendant-appellee.