AIRCALL OF HAWAII, INC., a Hawaii corporation, Plaintiff-
Appellee, *v.* HOME PROPERTIES, INC., a Hawaii corporation,
Defendant-Appellant

NO. 11553

(SPECIAL PROCEEDING NO. 86-0232)

MARCH 12, 1987

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

Defendant Home Properties, Inc. (Home) appeals from the circuit court's order granting the motion of plaintiff Aircall of Hawaii, Inc. (Aircall) to compel Home to arbitrate and denying in part Home's motion for a protective order regarding an opinion letter. The disposition of the appeal requires that we answer the following question: What remedy, if any, is available to Home to prevent the circuit court's holding, which is unreviewable because of mootness, from having a collaterally conclusive effect? Our answer is to vacate the circuit court's order and to remand the case with direction to dismiss the action.

I.

On January 1, 1984, Tel-Tec Hawaii, Inc. (Tel-Tec), a subsidiary of

Home, and Aircall executed a joint venture agreement (Agreement). Home also signed the Agreement promising to guarantee up to a specified amount in equipment lease obligations of the joint venture.

On February 6, 1986, to resolve a dispute, Tel-Tec filed a demand for arbitration against Aircall with the American Arbitration Association (AAA) pursuant to the arbitration provision in the Agreement. Aircall's motion to implead Home into the arbitration proceeding was denied by the arbitrators. Thereupon, Aircall filed a formal demand for arbitration against Home with the AAA. However, Home refused to arbitrate.

On June 17, 1986, Aircall filed this special proceeding, S.P. No. 86-0232, in the circuit court to compel Home to arbitrate. Attached to Aircall's motion to compel arbitration was a copy of an opinion letter of attorney William M. Swope (Swope) dated July 11, 1985 (Swope's letter) which had been produced by Tel-Tec in its arbitration proceeding with Aircall. Swope was an officer and director of Home and his law firm was counsel for Tel-Tec, Home, and Honolulu Federal Savings and Loan Association (HonFed), the parent corporation of Home. Claiming attorney-client privilege and that Swope's letter had been "inadvertently produced," Home moved for a protective order to seal the entire record of the case and to strike Swope's letter from the record.

On July 2, 1986, the circuit court entered its order (July 2, 1986 Order) compelling Home to arbitrate and directing the Aircall-Home arbitration proceeding to be consolidated with the Tel-Tec-Aircall arbitration proceeding. The July 2, 1986 Order also sealed the record of the case but included a finding that "any privilege attaching to the July 11, 1985 letter from William M. Swope, Esq. to Honolulu Federal Savings and Loan Association was waived by the production of the letter by Tel-Tec in the arbitration proceeding[.]" Record Vol. 2 at 126. Home then filed its notice of appeal on August 1, 1986.

On October 1, 1986, the arbitrators issued their award in the consolidated arbitration proceeding involving Tel-Tec, Aircall, and Home. The arbitrators found Home not liable to Aircall.

After Home filed its opening brief in this case, the circuit court entered an order on October 31, 1986, confirming the October 1, 1986 arbitration award in S.P. No. 86-0407[1] commenced by Aircall. There

---

[1]We take judicial notice of S.P. No. 86-0407 in the Circuit Court of the First Circuit. *Sakamoto v. Chang,* 56 Haw. 447, 539 P.2d 1197 (1975); *Wohlschlegel v. Uhlmann-Kihei, Inc.,* 4 Haw. App. 123, 662 P.2d 505 (1983).

was no appeal of that order and it is final. Thus, this appeal has been rendered moot and is subject to dismissal. *See League of Women Voters v. Doi*, 57 Haw. 213, 552 P.2d 1392 (1976); *Murphy v. McKay*, 26 Haw. 171 (1921). However, this is not the end of the story.

## II.

The July 2, 1986 Order, *inter alia*, determined that the attorney-client privilege had been waived regarding Swope's letter. Upon dismissal of the pending appeal, that determination may under the doctrine of collateral estoppel preclude Home, Tel-Tec (its subsidiary), or HonFed (its parent) from litigating the privilege waiver issue in another proceeding. *See Santos v. State*, 64 Haw. 648, 646 P.2d 962 (1982); *Silver v. Queen's Hospital*, 63 Haw. 430, 629 P.2d 1116 (1981); *Gomes v. Tyau*, 57 Haw. 163, 552 P.2d 640 (1976); *Morneau v. Stark Enterprises, Ltd.*, 56 Haw. 420, 539 P.2d 472 (1975). However, the imposition of issue preclusion where appellate review has been frustrated due to mootness is obviously unfair.

The solution lies in the adoption of the federal practice of having the appellate court "vacate the judgment of the trial court and direct dismissal of the case." 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: *Jurisdiction* § 4433 at 316 (1981). *See also* 1B J. Moore, J. Lucas & T. Currier, *Moore's Federal Practice* ¶ 0.416[6] (2 ed. 1984). In *United States v. Munsingwear, Inc.*, 340 U.S. 36, 71 S. Ct. 104, 95 L. Ed. 36 (1950), the Supreme Court stated:

> The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss. That was said in *Duke Power Co. v. Greenwood County*, 299 U.S. 259, 267, to be "the duty of the appellate court." That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance. When that procedure is followed, the rights of all parties are preserved[.]

*Id.* 340 U.S. at 39-40, 71 S. Ct. at 106-07, 95 L. Ed. at 41 (footnote omitted). More recently, the practice was applied in *Great Western Sugar Co. v. Nelson*, 442 U.S. 92, 99 S. Ct. 2149, 60 L. Ed. 2d 735 (1979),

where a pending appeal of an order compelling arbitration was rendered moot by the completion of the arbitration proceeding, similar to the facts in this case.

Vacation of the July 2, 1986 Order and remand of the case to the circuit court with direction to dismiss the action will prevent the July 2, 1986 Order, which is "unreviewable because of mootness, from spawning any legal consequences." *United States v. Munsingwear, Inc.,* 340 U.S. at 41, 71 S. Ct. at 107, 95 L. Ed. at 42.

### III.

This opinion clearly indicates that Home's appeal was not frivolous. We therefore deny Aircall's Rule 38, Hawaii Rules of Appellate Procedure (1984),[2] motion for attorney's fees and costs.

Accordingly, the July 2, 1986 Order is vacated and the case is remanded with direction to dismiss the action.

*H. William Burgess (H. William Burgess, Attorney at Law, A Law Corporation,* of counsel) for defendant-appellant.

*Jerry M. Hiatt (Craig K. Shikuma* with him on the brief; *Bays, Deaver, Hiatt, Kawachika & Lezak,* of counsel) for plaintiff-appellee.

---

[2]Rule 38, Hawaii Rules of Appellate Procedure (1984), provides:

If a Hawaii appellate court shall determine that an appeal decided by it was frivolous, it may award damages including reasonable attorneys' fees and costs to the appellee.