KONA OLD HAWAIIAN TRAILS GROUP, by and through its Chairperson, Matthew Serrano, Plaintiff-Appellant, *v.* ALBERT LONO LYMAN, in his Capacity as Director of the Hawaii County Planning Department, BELT, COLLINS AND ASSOCIATES, and LANIHAU CORPORATION, Defendants-Appellees

NO. 11228

(CIV. NO. 85-0545)

MARCH 19, 1987

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY NAKAMURA, J.

The Coastal Zone Management Act (CZMA or the Act), Hawaii Revised Statutes (HRS) ch. 205A, imposes special controls on the development of real property along shoreline areas in order "to preserve, protect, and where possible, to restore the natural resources of the coastal zone of Hawaii." HRS § 205A-21. A "special management area minor permit"[1] was issued to Lanihau Corpora-

---

[1] "Special management area" is defined by HRS § 205A-22(4) (1985) as "the land extending inland from the shoreline as delineated on the maps filed with the [county agency authorized to issue permits for development within the special management area] as of June 8, 1977, or as amended pursuant to section 205A-23." *See also* County of Hawaii Planning Commission Rule 9-4(22). Section 205A-28 of the CZMA provides that "[n]o development shall be allowed in any county within the special management area without obtaining a permit in accordance with [the Act]." *See also* County of Hawaii Planning Commission Rule 9-8(A).

tion (Lanihau) and its agent, Belt, Collins, and Associates (Belt, Collins), by the Director of the Hawaii County Planning Department (the director). Kona Old Hawaiian Trails Group (Kona Old) sought judicial review of the administrative action in the Circuit Court of the Third Circuit. The court dismissed the case for want of jurisdiction, and Kona Old appeals. Lanihau avers the controversy is moot and moves to dismiss the appeal. Although the appeal is viable, we agree with Lanihau that the circuit court could not entertain Kona Old's request for review of the director's action.

## I.

Lanihau, the owner of two parcels of real property situated within the special management area at Kailua-Kona, planned to develop and market the property. This entailed the consolidation of the two lots into one, the installation of utility lines and roadways, and the resubdivision of the property into four residential lots. To initiate the project, Belt, Collins, Lanihau's engineering consultants, submitted on Lanihau's behalf a "Special Management Area Use Permit Assessment Application" to the Hawaii County Planning Department. The application stated the planned development of the property was consistent with the objectives, policies, and special management area guidelines specified by the CZMA in that at most there would be a minimal impact upon shoreline resources.[2]

The planning director, upon reviewing the application, decided the development would have no significant effect upon the environment and ecology of the shoreline area and would not cost more than $65,000. He therefore issued a "special management area minor use permit" rather than a "special management area use permit."[3] Lanihau was authorized thereby to construct the

---

[2] The CZMA's objectives are to provide recreational resources, safeguard and preserve historic resources, maintain and improve scenic and open space resources, protect coastal ecosystems, improve economic uses in the shoreline area, reduce coastal hazards, and manage present and future coastal zone development. HRS § 205A-2 (1985); see also County of Hawaii Planning Commission Rule 9-6.

[3] The pertinent statutory provisions draw the following distinctions between a special management area minor permit, which was granted, and the special management area use permit sought originally:

roadway and utility improvements and subdivide the property into four residential lots. But the director imposed several conditions upon the developer; Lanihau was required to have an archaeologist on hand during the construction to ensure that historical artifacts and burial remains would not be disturbed, to construct a rockwall and provide public access along the shoreline, and to obtain county endorsement of the access plan prior to the final approval of the project.

Kona Old, an association of Kona residents formed "to protect and preserve the ancient trails and access routes along the Kona Coast," objected to the issuance of the permit. It sought judicial review of the director's action[4] in order to "prevent the loss of [the]

---

(6) "Special management area minor permit" means an action by the authority authorizing development, the valuation of which is not in excess of $65,000 and which has no substantial adverse environmental or ecological effect, taking into account potential cumulative effects.

(7) "Special management area use permit" means an action by the authority authorizing development, the valuation of which exceeds $65,000 or which may have a substantial adverse environmental or ecological effect, taking into account potential cumulative effects.

HRS § 205A-22 (1985); *see also* County of Hawaii Planning Commission Rule 9-10.

[4] Kona Old purported to invoke the circuit court's jurisdiction to hear its appeal pursuant to HRS §§ 91-14, 205A-6, and 603-21. HRS § 91-14(a) (1985) reads:

Any person aggrieved by a final decision and order in a contested case or by a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief is entitled to judicial review thereof under this chapter; but nothing in this section shall be deemed to prevent resort to other means of review, redress, relief, or trial de novo, including the right of trial by jury, provided by law.

HRS § 205A-6 (1985) reads in pertinent part:

(a) Subject to chapters 661 and 662, any person or agency may commence a civil action alleging that any agency:

(1) Is not in compliance with one or more of the objectives, policies, and guidelines provided or authorized by this chapter within the special management area and the waters from the shoreline to the seaward limit of the State's jurisdiction; or

(2) Has failed to perform any act or duty required to be performed under this chapter; or

(3) In exercising any duty required to be performed under this chapter, has not complied with the provisions of this chapter.

HRS § 603-21, which defined the jurisdiction of circuit courts, was repealed in 1972. The relevant jurisdictional provisions are now found in HRS §§ 603-21.5, 603-21.6, 603-21.7, and 603-21.8 (1985).

public shoreline area and an ancient Hawaiian trail across shoreline properties near a valuable fishing and recreational area in Kona." The association claimed the director had violated the CZMA, breached the public trust, and disturbed traditional public easement rights by improvidently granting the permit. It averred that mandates of the Hawaii Administrative Procedure Act, HRS chapter 91, had not been observed, since rules governing the issuance of permits had not been promulgated. The association prayed, *inter alia,* that the permit be voided and the proposed construction be enjoined.

The director moved to dismiss the appeal on grounds that Kona Old was neither a "person aggrieved" by the director's action nor a participant in a "contested case." Lanihau and Belt, Collins joined in the motion. When the motion was heard, the movants also argued the association had not exhausted administrative remedies before seeking judicial review. The circuit court dismissed the appeal, but did not give its reason for doing so.

Kona Old sought a stay of the order from the circuit court pending its contemplated appeal to this court. Before the circuit court acted on the request, the association filed a notice of appeal. When the circuit court subsequently denied the stay, Kona Old turned to us for an order maintaining the status quo pending disposition of the appeal. The pleadings submitted by Kona Old, however, failed to provide an adequate basis for a stay, and we denied the request.

Thereafter, Lanihau consummated an agreement to sell the property. In order to prepare the land for construction, the buyer then procured a "grubbing permit" from the Department of Public Works of the County of Hawaii. The permit was conditioned upon the maintenance of a forty-foot shoreline setback and the preservation of any archaeological or historical sites, and the "grubbing" proceeded in conformity with these directives. When the task was finished, Lanihau submitted a Motion to Dismiss Appeal for Mootness. We decided to consider the motion conjointly with oral argument on the appeal.

II.

Lanihau would have us dismiss the appeal since work under the

"grubbing permit" has been completed. But in our view, some of the issues posed on appeal remain viable.

A case is moot if it has "lost its character as a present, live controversy of the kind that must exist if [courts] are to avoid advisory opinions on abstract propositions of law." *Hall v. Beals*, 396 U.S. 45, 48 (1969) (citations omitted). The rule is one of the prudential rules of judicial self-governance "founded in concern about the proper — and properly limited — role of the courts in a democratic society." *Warth v. Seldin*, 422 U.S. 490, 498 (1975) (citations omitted); *see also Life of the Land v. Land Use Commission*, 63 Haw. 166, 172, 623 P.2d 431, 438 (1981). We have said "the suit must remain alive throughout the course of litigation to the moment of final appellate disposition[]" to escape the mootness bar. *Wong v. Board of Regents*, 62 Haw. 391, 394, 616 P.2d 201, 203 (1980).

Kona Old's appeal, in our opinion, retains vitality. As long as all of the construction authorized under the shoreline management area minor permit is not completed, the appeal presents an adversity of interests and possibly affords the appellant an effective remedy. *See id.* at 394, 616 P.2d at 203-04. But even if all of the work sanctioned by the two permits is finished,[5] a basis for the exercise of our appellate jurisdiction remains. For we recognize that in exceptional situations mootness is not an obstacle to the consideration of an appeal. In our opinion, "[w]hen the question involved affects the public interest, and it is likely in the nature of things that similar questions arising in the future would likewise become moot before a needed authoritative determination by an appellate court can be made," *Johnston v. Ing*, 50 Haw. 379, 381, 441 P.2d 138, 140 (1968), an exception to the rule is justified. *Wong v. Board of Regents*, 62 Haw. at 395, 616 P.2d at 204. We think the situation would call for the exercise of our appellate jurisdiction even if there is no more work to be done under the minor permit. The questions posed here are of public concern and, even if they recur in the future, are of a nature that would be as likely as not to become moot before

---

[5] We do not know that all of the construction is finished. But since no stay was entered, conceivably all of the authorized construction may be.

they could be determined on appeal. Thus, we proceed to the merits of Kona Old's appeal.

## III.

### A.

At issue here is the CZMA, a statute embodying "the state policy to preserve, protect, and where possible, to restore the natural resources of the coastal zone of Hawaii." HRS § 205A-21. The task of implementing the policy, however, "has been delegated in large part to the counties, and they are responsible for the administration of the special management area use permit procedure and requirements." *Mahuiki v. Planning Commission,* 65 Haw. 506, 517, 654 P.2d 874, 881 (1982). "State primacy nevertheless has been retained," and the legislature has attempted to "maintain the integrity of its declared policy by [establishing] guidelines in HRS § 205A-26 [that must] be followed by the counties in reviewing applications for [special management area] use permits." *Id.* at 517-18, 654 P.2d at 881-82.[6]

---

[6] The guidelines established by the legislature for the approval of permits for the development of property located in the special management area include the following:

(1) All development in the special management area shall be subject to reasonable terms and conditions set by the authority in order to ensure:

(A) Adequate access, by dedication or other means, to publicly owned or used beaches, recreation areas, and natural reserves is provided to the extent consistent with sound conservation principles; [and]

(B) Adequate and properly located public recreation areas and wildlife preserves are reserved[.]

(2) No development shall be approved unless the authority has first found:

(A) That the development will not have any substantial adverse environmental or ecological effect, except as such adverse effect is minimized to the extent practicable and clearly outweighed by public health, safety, or compelling public interests. Such adverse effects shall include, but not be limited to, the potential cumulative impact of individual developments, each one of which taken in itself might not have a substantial adverse effect, and the elimination of planning options[.]

HRS § 205A-26 (1985).

The counties are further compelled to adopt specific proce-
dures consistent with the CZMA for the issuance of "special man-
agement area minor permits," and these procedures must provide
for "judicial review from the grant and denial thereof."[7] A person
aggrieved by a county agency's failure to comply with the Act is also
accorded a right thereunder to initiate a civil action against the
non-complying agency.[8] Thus, the governing statutory scheme pro-
vides two means through which judicial intervention may be sought
to enforce the state policy enunciated in HRS chapter 205A.

Kona Old, purporting to invoke the circuit court's jurisdiction
pursuant to HRS §§ 91-14, 205A-6, and 603-21,[9] sought a ruling
that the director had violated the CZMA in issuing the minor per-
mit as well as an order voiding the permit and enjoining the autho-
rized construction. But the court dismissed the suit, obviously on
jurisdictional grounds. The appellant argues this was error, since
HRS § 91-14 gave it a right to seek judicial review of the adminis-
trative action. If perchance the Administrative Procedure Act did
not, Kona Old maintains it was still entitled to invoke judicial inter-
vention in the controversy pursuant to an express provision in the
CZMA, namely HRS § 205A-6. We turn first to the right of judicial

---

[7] HRS § 205A-30 (1985) reads:
Emergency and minor permits. Each county authority shall provide specific
procedures consistent with this part for the issuance of special management area
emergency permits or special management area minor permits, pursuant to the
procedural requirements within this part, and judicial review from the grant and
denial thereof.

[8] HRS § 205A-6 (1985) reads in part:
Cause of action. (a) Subject to chapters 661 and 662, any person or agency
may commence a civil action alleging that any agency:
  (1) Is not in compliance with one or more of the objectives, policies, and
      guidelines provided or authorized by this chapter within the special man-
      agement area and the waters from the shoreline to the seaward limit of
      the State's jurisdiction; or
  (2) Has failed to perform any act or duty required to be performed under
      this chapter; or
  (3) In exercising any duty required to be performed under this chapter, has
      not complied with the provisions of this chapter.

[9] HRS § 603-21 formerly defined the jurisdiction of circuit courts. *See supra* note
4.

review encompassed by HRS § 91-14 to ascertain whether Kona Old was. entitled thereunder to invoke the circuit court's jurisdiction.

## B.

Kona Old is "an unincorporated association composed of residents from the Kona area" with an avowed "purpose . . . to protect and preserve the ancient trails and access routes along the Kona Coast." The association's standing to invoke judicial review under the Administrative Procedure Act in this instance is contingent upon a showing that it is a "person aggrieved by a final decision and order in a contested case" conducted before an administrative agency. *See supra* note 4. We experience little difficulty in reaching a conclusion that Kona Old may well have been aggrieved by the director's decision to issue Lanihau a minor permit. For if the development approved thereby could result in the loss of access routes to the shoreline or the right to traverse ancient trails, the association's members probably were "specially, personally and adversely affected" by the administrative decision. *In re Hawaiian Electric Co.*, 56 Haw. 260, 264, 535 P.2d 1102, 1105 (1975).

Yet, "[i]t is not enough that a person has been 'aggrieved' by agency action." *Id.* He also "must have participated in [a] contested case before [an] administrative agency[,] *Jordan v. Hamada*, 64 Haw. 451, 643 P.2d 73 (1982) [,]" to acquire standing to challenge the decision in court. *Gibb v. Spiker*, 68 Haw. ___, ___, 718 P.2d 1076, 1078 (1986) (footnote omitted). The record in this case, however, does not reveal that Kona Old satisfied this prerequisite of entitlement to seek judicial review pursuant to HRS § 91-14.

A "contested case" is defined by HRS § 91-1(5) as "a proceeding in which the legal rights, duties, or privileges of specific parties are required by law to be determined after an opportunity for agency hearing." An "agency hearing" is described in turn as "such hearing held by an agency immediately prior to a judicial review of a contested case as provided in section 91-14." HRS § 91-1(6). But under the rules governing the issuance of special management area minor permits, the planning director's decision to grant a permit need not be preceded by a hearing. *See* County of Hawaii Planning Commission Rule 9-10. Thus, his decision to grant a minor permit

could not have been "a final decision or order in a contested case" from which an appeal to court was possible. *See* HRS § 91-14(a).[10]

Kona Old, however, points out the procedures adopted by the agency for processing applications for minor permits do not provide for a hearing at any stage. To hold it to the letter of section 91-14, the association argues, would be unjust, particularly when the county is mandated to "provide specific procedures . . . for the issuance of . . . special management area minor permits . . . and judicial review from the grant and denial thereof." *See supra* note 7.

We are convinced, however, that the procedures adopted by the county provide an opportunity for an agency hearing and meet the statutory demand for specific procedures culminating in judicial review. To be sure, these procedures are not to be found in a planning commission rule; they appear in the charter of the County of Hawaii.[11] The relevant charter provisions are applicable to grants or denials of special management area minor permits by the planning director, and they provide for a hearing in which the issuance of a minor permit may be contested. And since the pertinent charter provisions require the designated administrative tribunal to conduct a hearing "according to the State Administrative Procedures Act," its decision, unlike that of the director, unques-

---

[10] Judicial review pursuant to HRS § 91-14(a) ordinarily is "conducted by the appropriate court without a jury" and is "confined to the record." HRS § 91-14(f) (1985). Thus, an agency hearing is a necessary prologue to review thereunder.

[11] Section 5-6.3 of the charter provides:

Board of Appeals. The board of appeals shall consist of seven members who shall 'be appointed by the mayor and confirmed by the council in the manner prescribed in Section 13-4. *The board shall hear and determine all appeals from the actions of the planning director and planning commission.* In addition, the board shall hear and determine appeals from the actions of the chief engineer or his staff regarding the enforcement of the building, plumbing, and electrical code and laws.

*All hearings shall be conducted according to the State Administrative Procedures Act.* Whenever possible, persons with a background or expertise in broad areas of planning and construction shall be given preference for appointment to the board, although such background or expertise is not a prerequisite for membership.

*The board shall be part of the planning department for administrative purposes* and the said department shall provide necessary clerical and other assistance.

County of Hawaii Charter § 5-6.3 (1980) (emphasis added).

tionably would have been appealable to the circuit court. *See supra* note 11. But Kona Old did not avail itself of this opportunity for an agency hearing; hence there is no final decision or order in a contested case which is subject to judicial review by virtue of HRS § 91-14(a).

### C.

The question remaining is whether Kona Old's invocation of HRS § 205A-6, which allows "any person or agency [to] commence a civil action alleging that any agency" has breached the CZMA in some respect, vested the circuit court with jurisdiction over the dispute involving the director's grant of a minor permit to Lanihau. *See supra* note 8.

The language of the section in question gives an appearance of permitting anyone to bring a civil action against an agency to remedy any alleged breach of the CZMA and its policies, objectives, and guidelines.[12] Taken at face value, section 205A-6 would sanction judicial intervention in the administrative process upon any allegation of an act inconsistent with the CZMA in any respect. Still, we are reluctant to read the language literally and say Kona Old's purported reliance on HRS § 205A-6 and allegations of the planning director's breach of the CZMA were sufficient to vest the circuit court with authority to decide the controversy. Our concern, as it was earlier, is with the timing of the request for judicial relief.

As we observed, "the proper — and properly limited — role of the courts in a democratic society" is always a matter of concern. *Warth v. Seldin,* 422 U.S. at 498 (citations omitted). Courts have

---

[12] The legislature has provided us with scant guidance on the intended scope and application of HRS § 205A-6. The committee report accompanying the Senate draft of the bill enacting the language contains the only reference in the relevant legislative history to what may have been intended; Stand. Comm. Rep. No. 779, in 1977 Senate Journal, at 1187 reads in pertinent part:

6. Causes of legal actions under this bill have been limited to actions against agencies of government for alleged failure to comply with this chapter.

Your Committee feels that judicial review should be available to any person, but that legal actions should be against governmental agencies, rather than individuals, for not complying with the objectives, policies, and guidelines since the agency is charged with the responsibilities of carrying out the purposes of this chapter.

"developed two principal doctrines to enable the question of timing [of requests for judicial intervention in the administrative process] to be answered: (1) primary jurisdiction; and (2) exhaustion of administrative remedies." B. Schwartz, *Administrative Law* § 8.23, at 485 (2d ed. 1984). "Both are essentially doctrines of comity between courts and agencies." *Id.* (footnote omitted).

" 'Primary jurisdiction' . . . applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body[.]" *United States v. Western Pac. R.R.*, 352 U.S. 59, 63-64 (1956). When this happens, "the judicial process is suspended pending referral of such issues to the administrative body for its views." *Id.* at 64 (citation omitted). In effect, "[t]he courts are divested of whatever original jurisdiction they would otherwise possess[.]" B. Schwartz, *supra,* § 8.24, at 488 (emphasis omitted). And "even a seemingly contrary statutory provision will yield to the overriding policy promoted by the doctrine." *Id.*

"Exhaustion," on the other hand, comes into play "where a claim is cognizable in the first instance by an administrative agency alone; judicial interference is withheld until the administrative process has run its course." *United States v. Western Pac. R.R.*, 352 U.S. at 63. "The exhaustion principle asks simply that . . . the avenues of relief nearest and simplest should be pursued first." *Moore v. City of East Cleveland,* 431 U.S. 494, 524 (1977) (Burger, C.J., dissenting). "Judicial review of agency action will not be available unless the party affected has taken advantage of all the corrective procedures provided for in the administrative process." B. Schwartz, *supra,* § 8.30, at 502. Under this principle, Kona Old clearly had no right to seek judicial review.

Yet in a strict sense, HRS § 205A-6 was not meant to afford judicial review as such. It affords an interested party an alternative remedy for an agency's noncompliance with the CZMA by authorizing a civil action in which a circuit court "shall have jurisdiction to provide any relief as may be appropriate." HRS § 205A-6(c). The cause of action created thereby seemingly describes a claim "originally cognizable in the courts." *United States v. Western Pac. R.R.,* 352 U.S. at 64.

Kona Old's claim, however, involves the issuance of a special management area minor permit, and its enforcement "requires the resolution of issues which, under [the] regulatory scheme, have been placed within the special competence" of the county planning department. *Id.* Thus, the request for judicial intervention in the administrative process should not have preceded the resolution by the Board of Appeals of the question of whether the planning director's action in issuing the minor permit was proper. For it is

now firmly established, that in cases raising issues of fact not within the conventional experience of judges or cases requiring the exercise of administrative discretion, agencies created by [the legislature] for regulating the subject matter should not be passed over. This is so even though the facts after they have been appraised by specialized competence serve as a premise for legal consequences to be judicially defined. Uniformity and consistency in the regulation of business entrusted to a particular agency are secured, and the limited functions of review by the judiciary are more rationally exercised, by preliminary resort for ascertaining and interpreting the circumstances underlying legal issues to agencies that are better equipped than courts by specialization, by insight gained through experience, and by more flexible procedure.

*Far East Conference v. United States,* 342 U.S. 570, 574-75 (1952).

The circuit court's dismissal of the case is affirmed.

*Alan T. Murakami* (*Livia Wang* with him on the briefs; Native Hawaiian Legal Corp.) for appellant.

*Philip J. Leas* (*Sandra Y. Takahata* with him on the brief; *Cades, Schutte, Fleming & Wright,* of counsel) for appellee Lanihau Corp.

*Patricia K. O'Toole,* Deputy Corporation Counsel, for appellee Lyman.