EXIT COMPANY LIMITED PARTNERSHIP, a Hawaii limited partnership, Plaintiff-Appellee, *v.* AIRLINES CAPITAL CORPORATION, INC., a Delaware corporation, Defendant-Appellant, and JULIA SOHN, INC., a Hawaii corporation, Defendant

NO. 12833

(CIVIL NO. 86-4562)

DECEMBER 20, 1988

BURNS, C.J., HEEN AND TANAKA, JJ.

## OPINION OF THE COURT BY TANAKA, J.

Defendant Airlines Capital Corporation, Inc. (Airlines) appeals from the summary judgment for the issuance of a writ of possession which plaintiff Exit Company Limited Partnership (Exit) sought under count I of its complaint and, also, from the lower court's order denying Airlines' motion for reconsideration. Exit contends, *inter alia,* that the appeal should be dismissed on the ground of mootness. Airlines resists a dismissal for mootness because of its counterclaim for damages still pending below. We hold that the issue regarding the writ of possession is moot. However, instead of dismissing the appeal, we vacate the summary judgment and remand the case with direction to dismiss count I of Exit's complaint.

I.

On April 23, 1985, Exit leased to Julia Sohn, Inc. (Sohn) Unit 709 and a parking stall in the Executive Centre building in Honolulu. The lease term was for three years commencing June 1, 1985 and ending on May 31, 1988. The lease did not contain an option to renew or extend clause.

On August 29, 1986, Sohn assigned the lease to Airlines. However, Sohn did not obtain the prior written consent of Exit as required by the lease.

On October 29, 1986, Exit filed a two-count complaint against Sohn and Airlines.[1] In count I, Exit alleged breach of the lease by Sohn because of the assignment to Airlines without Exit's prior written consent and, accordingly, sought a cancellation of the lease and summary possession to remove either Sohn or Airlines from the leased premises. In count II, Exit sought a judgment against Sohn for the lease rents.

On November 28, 1986, Airlines filed its answer and a five-count counterclaim against Exit. In the counterclaim, Airlines alleged that Exit had unreasonably withheld its consent to the as-

---

[1] The complaint was filed in the District Court of the First Circuit, Honolulu Division. After defendant Airlines Capital Corporation, Inc. demanded a jury trial, the case was transferred to the Circuit Court of the First Circuit.

signment of lease and sought general, special, and punitive damages. The counterclaim also alleged unfair and deceptive trade practices by Exit, for which Airlines demanded treble damages. Sohn did not answer or otherwise plead to the complaint.[2]

On June 17, 1987, Exit moved for a summary judgment on count I, which was granted on October 6, 1987. A judgment as to count I was entered on November 2, 1987, and was certified as to its finality pursuant to Hawaii Rules of Civil Procedure Rule 54(b) on December 14, 1987.

After its motion for reconsideration was denied, Airlines timely appealed.[3]

## II.

### A.

The mootness doctrine is based on the premise that a "suit must remain alive throughout the course of litigation to the moment of final appellate disposition." *Wong v. Board of Regents*, 62 Haw. 391, 394, 616 P.2d 201, 203 (1980). Thus, the doctrine is applicable "where events subsequent to the judgment of the trial court have so affected the relations between the parties that the two conditions for justiciability relevant on appeal — adverse interest and effective remedy — have been compromised." *Id.* at 394, 616 P.2d at 203-04. *See also Mahiai v. Suwa*, 69 Haw. ____, ____, 742 P.2d 359, 365 (1987); *Kona Old Hawaiian Trails Group v. Lyman*, 69 Haw. ____, ____, 734 P.2d 161, 165 (1987).

However, the rule that appellate courts will not consider moot questions is subject to a well-settled exception. Our supreme court has stated:

---

[2] The attorney for Exit Company Limited Partnership stated in an affidavit that "on the return day" in district court "due to non-appearance of Sohn, Inc., default was entered against Sohn, Inc. on the record. However, said default on Count II was never finalized into a Judgment." Record, Vol. 1 at 256.

[3] This is the second appeal in the case. The first appeal was dismissed as being premature and ineffective. *Exit Co. Ltd. Partnership v. Airlines Capital Corp., Inc.*, No. 12619 (Haw. App. Jul. 11, 1988) (mem.).

When the question involved affects the public interest, and it is likely in the nature of things that similar questions arising in the future would likewise become·moot before a needed authoritative determination by an appellate court can be made, the exception is invoked.

*Johnston v. Ing,* 50 Haw. 379, 381, 441 P.2d 138, 140 (1968). *See also Mahiai, supra; Kona Old Hawaiian Trails Group, supra.*

We apply these precepts in determining the mootness issue in this case.

### B.

The record discloses that Exit sold the Executive Centre to Bel-Centre, Inc. effective June 1, 1987. The record also discloses that on January 18, 1988, pursuant to the November 2, 1987 judgment, the circuit court issued a writ of possession for the leased premises in question. The deputy sheriff's return, filed on March 22, 1988, indicates that the writ was executed on February 11, 1988—Airlines was removed from the premises and Bel-Centre, Inc. was placed in possession thereof on that date. Also, the lease, which was not subject to renewal or extension, terminated on· May 31, 1988. Thus, even if this court vacated the summary judgment, Airlines legally cannot regain possession of the leased premises.

We accordingly hold that the issue on appeal "has been rendered moot." *International Market Place Corp. v. Liza, Inc.,* 1 Haw. App. 491, 495, 620 P.2d 765, 768 (1980).

Unlike *Johnson v. Ing, supra,* where the form and content of election ballots were involved; *Kona Old Hawaiian Trails Group, supra,* where the issuance of a special management area minor permit under the Coastal Zone Management Act, Hawaii Revised Statutes Chapter 205A (1985), was involved; and *Mahiai, supra,* where a challenge to the Hawaii Board of Agriculture's decision requiring the slaughter of all cattle on Molokai was involved, this case involves a dispute arising out of a lease between private litigants and does not involve an issue affecting the public interest.

Accordingly, the exception to the mootness rule is inapplicable.

III.

In *Aircall of Hawaii, Inc. v. Home Properties, Inc.*, 6 Haw. App. 593, 595, 733 P.2d 1231, 1232 (1987), we recognized that where "appellate review has been frustrated due to mootness[,]" unfairness could result through "the imposition of issue preclusion[.]" We held that in order to avoid such a result, "[t]he solution lies in the adoption of the federal practice of having the appellate court 'vacate the judgment of the trial court and direct dismissal of the case.' " *Id.* at 595, 733 P.2d at 1233 (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: *Jurisdiction* § 4433 at 316 (1981)).

Here, Airlines is concerned that the summary judgment, unreviewed because of mootness, may have a preclusive effect on the issue regarding Exit's withholding of its consent to the assignment of lease when Airlines' counterclaim is adjudicated below. Airlines' concern is not unfounded. We therefore apply the *Aircall of Hawaii* solution in this case.

We vacate the November 2, 1987 judgment and remand the case with direction that count I of the complaint be dismissed.

*Stanton C. Oshiro* (*Preston A. Gima* with him on the briefs; Law Offices of *Gima & Harrison,* of counsel) for defendant-appellant.

*Neal K. Okabayashi* (*John J. Hulten, Jr.* co-counsel) for plaintiff-appellee.