962 P.2d 367

**GATRI, a Hawaiʻi general partnership, Applicant–Appellant/Appellee,**

v.

**David BLANE, in his capacity as Director of the Department of Planning of the County of Maui, Defendant–Appellee/Appellant.**

No. 20385.

Supreme Court of Hawaiʻi.

July 24, 1998.

Kelly A. Cairns, Deputy Corporation Counsel, on the briefs, for defendant-appellee/appellant.

Paul I. Horikawa, on the briefs, for applicant-appellant/appellee.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

NAKAYAMA, Justice.

Defendant-appellee/appellant David Blane, in his capacity as the Director of the Department of Planning of the County of Maui (Director), appeals an order of the circuit court which reversed his decision not to process a special management area (SMA) permit application submitted by applicant-appellant/appellee GATRI, a Hawai'i limited partnership. The Director had determined that the proposed use of the subject parcel was inconsistent with the community plan for the area. The circuit court held that: (1) the community plan did not have the force and effect of law; (2) the proposed use was expressly permitted by the zoning ordinance governing the parcel; (3) the proposed use was therefore *per se* in conformity with the general plan; and (4) the project would not have an adverse impact on the environment. Therefore, the circuit court ordered the Director to issue the SMA permit to GATRI.

We hold that the circuit court erred in determining that the Maui county community plan, specifically implementing the general plan, did not have the force and effect of law for the purposes of an SMA permit application, overruling in part *Protect Ala Wai Skyline v. Land Use and Controls Committee of the City Council of the City and County of Honolulu*, 6 Haw.App. 540, 735 P.2d 950 (1987). Moreover, we hold that the Director did not err in finding that the proposed development was inconsistent with the governing community plan. Therefore, we re-

verse the judgment and order of the circuit court and affirm the Director's decision.

## I. BACKGROUND

On February 27, 1992, GATRI submitted an SMA permit application to the Planning Department of the County of Maui. GATRI wished to develop a restaurant park commercial project on a parcel of land it owned in Kīhei, Maui. The property was zoned as B–R Resort/Commercial. It is undisputed that GATRI's proposed use is an allowable use under B–R Resort/Commercial zoning. The Kīhei/Mākena Community Plan designation for the property was single-family residential. Two single family residences were developed on the property at the time of the application. A contested case hearing on GATRI's application was held before the Maui Planning Commission on May 5 and 6, 1993. After a hearing, the hearings officer recommended denial of the permit application on the grounds that the proposed development was inconsistent with the community plan for the parcel. On December 7, 1993, the Commission voted to defer action on GATRI's application until potential changes to the community plan were voted on by the Maui county council.

On March 8, 1996, GATRI submitted another application for an SMA permit for its property. This application was for a minor SMA permit[1] to construct a 470 square foot commercial building to be used as a snack shop. The minor permit application went to the Director for processing.[2] On March 29, 1996, the Director, via letter, informed GATRI that:

[P]lease be advised that the proposed restaurant use for the property is inconsistent with the "single-family" land-use designation in the Kīhei–Mākena Community plan, and therefore, said use is inconsistent with the county general plan.

---

1. A "special management area minor permit" is "an action by the [CZMA] authority authorizing development the valuation of which is not in excess of $125,000 and which has no substantial adverse environmental or ecological effect[.]" Hawai'i Revised Statutes (HRS) § 205A–22 (1993).

2. As will be discussed in more detail *infra,* SMA minor permits are processed by the Director, while other SMA permits are processed by the Commission. Special Management Area Rules for the Maui Planning Commission (Maui SMA Rules) §§ 12–202–14 and 15 (1994).

In accordance with the [Maui SMA Rules], Section 12–202–12, and in consideration of the above determination, the proposed action cannot be processed because it is not consistent with the community plan, unless a community plan amendment to designate business is processed concurrently with the SMA permit application.

GATRI then appealed the decision of the Director to the circuit court. GATRI argued that the decision of the Director was erroneous because a development which is consistent with the governing zoning ordinance is *per se* consistent with the general plan. The Director opposed GATRI's action on the grounds that: (1) the appeal should be dismissed for lack of jurisdiction because GATRI had not exhausted its administrative remedies; and (2) the Director's determination was not erroneous. After hearing, the circuit court issued a judgement in favor of GATRI. The circuit court's findings of fact and conclusions of law, in relevant part, were that:

[Finding of Fact No.] 3. In 1969, the County of Maui adopted Ordinance No. 641 that zoned the subject property B–R Resort Commercial.

4. In 1984, the County of Maui adopted Ordinance No. 1490 that designated the subject property Single–Family on the Kihei–Makena Community Plan.

5. Notwithstanding the fact that twelve (12) years have elapsed since the adoption of the Kihei–Makena Community Plan, the County of Maui did not rezone the subject property to Residential.

. . . .

7. On or about March 8, 1996, [GATRI] filed an application with [the Director] for a special management area minor permit for the construction of a snack shop.

. . . .

9. The permitted uses of property zones B–R Resort Commercial include, but are not limited to, restaurants, coffee shops and snack bars.

10. The activities and uses proposed by [GATRI] are expressly permitted within the B–R Resort Commercial District.

. . . .

12. The proposed development will not have an adverse impact on the environment and surrounding areas.

. . . .

[Conclusion of Law No.] 2. [The Director] had jurisdiction and authority to issue the final decision dated March 29, 1996, pursuant to [HRS § ] 91–8, and the [Maui SMA Rules], Sections 12–202–12, 12–202–13 and 12–202–14.

3. [Director's] letter dated March 29, 1996, is in effect a denial of [GATRI's] request for a special management area minor permit and is thus a final decision for purposes of [HRS § ] 91–14. [Maui SMA Rules], Section 12–202–14.

4. Neither the Revised Charter of the County of Maui, the Maui County Code nor the [Maui SMA Rules] provide the Maui Planning Commission with the authority to review decisions of [the Director].

. . . .

7. The proposed development is consistent with the Maui County Comprehensive Zoning Ordinance. Maui County Code, Section 19.22.020.

8. The Kihei–Makena Community Plan expressly states that it is a "guide to making decisions regarding development of the region until the year 2000," . . . and thus the Kihei–Makena Community Plan does not have the force and effect of law. See, [*Protect Ala Wai* ].

9. For purposes of the Coastal Zone Management Act, a proposed development is *per se* in conformity with the General Plan if the project site was zoned prior to the adoption with [sic] the General Plan and the proposed development is in accordance with the zoning. [*Protect Ala Wai* ].

10. The proposed development is *per se* consistent with the Maui County General Plan and therefore, the Kihei–Makena Community Plan.

IT IS THEREFORE ORDERED THAT:

That [the Director] is ordered to issue a special management area minor permit that authorizes [GATRI] to construct the proposed development.

The Director timely appealed the order and judgment of the circuit court. On appeal, the Director argues that: (1) the circuit court did not have jurisdiction over the agency appeal; (2) the Director's decision not to process GATRI's application was not erroneous; (3) the circuit court erred in ordering that the permit be issued, instead of reversing only the Director's decision not to process the application. We need address only the Director's first and second points of error.

## II. DISCUSSION

### A. *The circuit court had jurisdiction over this appeal.*

■ The Director argues that the circuit court erred by exercising jurisdiction over this appeal because GATRI had not exhausted its administrative remedies. The Director asserts that GATRI's appeal of his decision was required to go to the Maui Planning Commission initially.

The Director bases his argument on the provision in the Maui County Charter that provides that the Maui Planning Commission shall "act as the authority in all matters relating to the Coastal Zone Management law."[3] Therefore, he argues that the Commission retains the final authority to make decisions regarding the issuance of SMA permits and the Director's decision must be first appealed to the Commission. We disagree.

The Maui SMA rules provide that:

(a) .... The director *shall approve, approve with conditions, or deny* [a special management area minor] permit in accordance with the guidelines in HRS section 205A–26, as amended. Any *final decision* shall be transmitted to the applicant in writing.

(b) The director *shall notify the commission*, at the commission's next regularly scheduled meeting, of the issuance by the director of special management area minor permits, receipt of which shall be acknowledged by the commission.

Maui SMA rules § 12–202–14 (1994) (emphases added).

It is clear from the above rules that the Maui Planning Commission has delegated the authority to review and make a final decision regarding a SMA minor permit application to the Director, as authorized by HRS § 205A–22. HRS § 91–14(a) (1993) provides that:

Any person aggrieved by a final decision and order in a contested case or by a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief is entitled to judicial review thereof under this chapter.

The decision of the Director not to process GATRI's application is a final decision equivalent to a denial of the application. Therefore, it is appealable under HRS § 91–14(a).

Our decisions in *Kona Old Hawaiian Trails Group v. Lyman*, 69 Haw. 81, 734 P.2d 161 (1987), and *Hawaii's Thousand Friends v. City and County of Honolulu*, 75 Haw. 237, 858 P.2d 726 (1993), support our holding that GATRI was not required to appeal the Director's decision to the Commission before filing an action in circuit court.

In *Kona*, the Hawaii County Charter specifically provided that the Board of Appeals "shall hear and determine *all appeals from the actions of the planning director and planning commission.*" 69 Haw. at 91 n. 11, 734 P.2d at 167 n. 11 (emphasis in original). We therefore held that the appeal of the decision of the planning director to the circuit court "should not have preceded the resolution by the Board of Appeals of the question of whether the planning director's action in [not issuing the SMA permit] was proper." *Id.* at 94, 734 P.2d at 169.

In *Thousand Friends*, we distinguished *Kona* because of the different language contained in the Revised Charter of the City and County of Honolulu. The Honolulu charter

---

**3.** HRS Chapter 205A, the Coastal Zone Management Act, provides for the designation of an "authority" to administer the law. " 'Authority' means the county planning commission, except in counties where the county planning commission is advisory only, in which case 'authority' means the county council or such body as the council may by ordinance designate. The *authority may, as appropriate, delegate the responsibility for administering this part.*" HRS § 205A–22 (1993) (emphasis added).

established a procedure for appeals from actions of the Department of Land Utilization (DLU) to the Zoning Board of Appeals only for those DLU actions concerning "the administration of the zoning and subdivision ordinances and any rules and regulations adopted pursuant thereto." *Thousand Friends,* 75 Haw. at 243, 858 P.2d at 730. The challenged action involved an environmental group's petition for a declaration that the City had to obtain a SMA permit for its proposed demolition of structures within the coastal zone management area. The Honolulu charter did not specifically provide for appeals of declaratory judgments regarding the necessity for obtaining a SMA permit. Therefore, we held that the circuit court had jurisdiction to entertain a direct appeal of the DLU action.

There is no express procedure provided in the Maui charter or the Maui SMA rules for an appeal of the Director's decision on a minor permit application to the Commission.[4] The Commission has delegated the authority to render a final decision on a minor permit application to the Director. The Director is required to *notify* the Commission of permits which he has granted. Based on *Thousand Friends,* we hold that, under this scheme, the circuit court had jurisdiction over this appeal of a final decision of the Director. Therefore, GATRI exhausted its administrative remedies.

**B.** *The Director's decision not to process GATRI's application because it was inconsistent with the general plan was not erroneous.*

1. *Standard of review*

■ Review of a decision made by the circuit court upon its review of an agency's decision is a secondary appeal. The standard of review is one in which this court must determine whether the circuit court was right or wrong in its decision, applying the standards set forth in HRS § 91–14(g)

---

**4.** Similar to the charter provision analyzed in *Thousand Friends,* the Maui charter provides that the board of variances and appeals shall "[h]ear and determine appeals alleging error from any person aggrieved by a decision or order of any department charged with the enforcement of

to the agency's decision. This court's review is further qualified by the principle that the agency's decision carries a presumption of validity and appellant has the heavy burden of making a convincing showing that the decision is invalid because it is unjust and unreasonable in its consequences.

*Konno v. County of Hawai'i,* 85 Hawai'i 61, 77, 937 P.2d 397, 413 (citations omitted).

HRS § 91–14(g) (1993) enumerates the standards of review applicable to an agency appeal and provides:

Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:

(1) In violation of constitutional or statutory provisions; or

(2) In excess of the statutory authority or jurisdiction of the agency; or

(3) Made upon unlawful procedure; or

(4) Affected by other error of law; or

(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Poe v. Hawai'i Labor Relations Board,* 87 Hawai'i 191, 194–95, 953 P.2d 569, 572–73 (1998).

2. *The circuit court erred in reversing the decision of the Director.*

■ The findings and purposes of the Coastal Zone Management Act, SMA permit procedures, are set forth in HRS § 205A–21 (1993).

The legislature finds that, special controls on developments within an area along the shoreline are necessary to avoid perma-

---

zoning, subdivision and building ordinances[.]" Charter of Maui County § 8–5.4(2)(1988). The Director does not allege that the decision was required to be appealed to the board of variances and appeals.

nent losses of valuable resources and the foreclosure of management options, and to ensure that adequate access, by dedication or other means, to public owned or used beaches, recreation areas, and natural reserves is provided. The legislature finds and declares that it is the state policy to preserve, protect, and where possible, to restore the natural resources of the coastal zone of Hawaii.

HRS § 205A–26 (1993) sets forth mandatory guidelines governing the implementation of the SMA permit procedure by the designated authority. This section provides, in pertinent part, that:

(2) *No development shall be approved unless the authority has first found:*

(A) That the development will not have any substantial adverse environmental or ecological effect, except as such adverse effect is minimized to the extent practicable and clearly outweighed by public health, safety, or compelling public interests. . . .

(B) That the development is consistent with the objectives, policies and special management area guidelines of this chapter and any guidelines enacted by the legislature; and

(C) *That the development is consistent with the county general plan and zoning.* Such a finding of consistency does not preclude concurrent processing where a general plan or zoning amendment may also be required.

(Emphases added.)

HRS § 226–58 (1993) provides that:

(a) . . . County general plans or development plans shall indicate desired population and physical development patterns for each county and regions within each county. In addition, county general plans or development plans shall address the unique problems and needs of each county and regions within each county. . . .

(b) County general plans shall be formulated on the basis of sound rationale, data, analyses, and input from state and county agencies and the general public, and contain objectives and policies as required by the charter of each county. Further, the county general plans should:

(1) Contain objectives to be achieved and policies to be pursued with respect to population density, land use, . . . and all other matters necessary for the coordinated development of the county and regions within the county; and

(2) Contain implementation priorities and actions to carry out policies to include but not be limited to land use maps. . . .

In the County of Maui, the community plans are part of the general plan.[5]

The Kīhei–Mākena Community Plan (KMCP) in effect at the time of the Director's consideration of GATRI's application was adopted by the Maui county council in 1985. The introduction to the KMCP states that:

The County General Plan sets forth the broad objectives and policies for the long-range development of the County. *The purpose of this Community Plan is to provide a relatively detailed scheme for implementing these objectives and policies relative to the Kīhei–Mākena region.* Contained in this plan is the desired sequence, patterns and characteristics of future developments for the region. . . . Also included are maps identifying the planned distribution and intensity of land uses and public facilities.

(Emphasis added.) It is undisputed by the parties that, under the KMCP, GATRI's parcel is designated as "Single Family (SF)." The "SF" designation is defined in the plan as "includ[ing] single-family and duplex dwellings."

The circuit court relied upon the holding of the Intermediate Court of Appeals in *Protect*

5. Maui County Charter § 8–8.6(1) provides that "[t]he County shall adopt revisions to the general plan by ordinances." Maui County Code § 2.80A.010(B) (1994) provides, in relevant part, that "[t]he community plans authorized in this chapter are established and shall, upon adoption by the council, *be part of the general plan of the* county, as provided in the revised charter of the county." (Emphasis added.) Maui County Code § 2.80A.020 provides that "[c]ommunity plans *shall set forth, in detail,* land uses within the nine regions of the county designated in this subsection." (Emphasis added.)

*Ala Wai* for two propositions: (1) that the KMCP "does not have the force and effect of law"; and (2) that a proposed project is *per se* in conformity with the general plan if the project site was zoned prior to the adoption of the general plan and the proposed project is in accordance with the zoning. In reaching these conclusions, the circuit court reversed the Director's determination that the KMCP controlled his review of GATRI's application and that, because the KMCP was inconsistent with GATRI's proposed action, the application could not be processed. This is an agency conclusion of law, which is "freely reviewable to determine if the agency's decision was in violation of constitutional or statutory provisions, in excess of statutory authority or jurisdiction or agency, or affected by other error of law." *Poe*, 87 Hawai'i at 195, 953 P.2d at 573. (citations omitted). We hold that the Director was correct and that the circuit court was wrong in its interpretation of the governing law.

In *Protect Ala Wai*, a nonprofit corporation challenged the grant by the city council of a special management area permit to construct a hotel/condominium project. The action was challenged, *inter alia*, on the grounds that it was inconsistent with the general plan for the City and County of Honolulu. The ICA began its discussion with the statement that:

> Appellant *concedes that the General Plan* is a statement of broad policies for the long-range development of Honolulu and *does not have the force and effect of law.* However, Appellant contends that, although the project comports generally with the General Plan's policy of maintaining the viability of Oahu's visitor industry, it is in conflict with several of the General Plan's other stated policies, such as prohibiting major increases in densities and further growth in hotel and resort condominium units in Waikiki, and preserving Oahu's beauty, natural environment, and scenic views.

*Protect Ala Wai*, 6 Haw.App. at 547, 735 P.2d at 955 (emphasis added).

In *Protect Ala Wai*, the appellant conceded that the general plan did not have the force and effect of law. The ICA accepted this statement, and the opinion does not fully analyze and consider this issue. This proposition, in the SMA context, is clearly incorrect and we overrule *Protect Ala Wai* to the extent that it affirms this erroneous proposition.

■ HRS § 205A–26(2)(C) provides in relevant part that a SMA permit shall not be approved unless the authority finds that "the development is consistent with the county general plan *and* zoning." (Emphasis added.) The circuit court's conclusions that (1) the general plan does not have the force and effect of law and (2) because the project was consistent with the zoning, it is *per se* consistent with the general plan, render the mandatory conjunctive in the statutory language a nullity. A fundamental principle of statutory construction is that "courts are bound to give effect to all parts of a statute, and that no clause, sentence, or word shall be construed as superfluous, void, or insignificant if a construction can be legitimately found which will give force to and preserve all words of the statute." *State v. Ganal*, 81 Hawai'i 358, 372, 917 P.2d 370, 384 (1996) (citation omitted). Therefore, we hold that the county general plan does have the force and effect of law insofar as the statute requires that a development within the SMA must be consistent with the general plan.

There are significant differences between the general policy guidelines evaluated in *Protect Ala Wai* and the specific land use plan contained within the KMCP. Where consistency of a proposed development is evaluated with respect to broad, hortatory policy statements in a general plan, it may be arbitrary and capricious to base a denial on the general plan statement because of their broad and non-specific nature.[6] This was the

---

6. *See Molokai Homesteaders Co-op. Ass'n v. Cobb,* 63 Haw. 453, 629 P.2d 1134 (1981), noting that:
   The provisions of HRS Chapter 344 comprise a policy statement reflecting the concerns and goals of the State of Hawaii in the area of environmental protection in general terms. . . .

The general lack of specificity in the statement suggests it is primarily a declaration of concerns and goals that does not carry a mandate for the adoption of guidelines before ad hoc decisions are rendered by agencies. The chapter is a broad policy document in tenor and

situation in *Protect Ala Wai*. The general plan for the city and county of Honolulu evaluated therein specifically stated that "[a]ll policy statements ... contained in this Plan are intended to serve as policy guidelines, as opposed to rigid requirements ..." Contrarily, the KMCP's avowed purpose is to "provide a relatively detailed scheme for implementing [the General Plan] objectives and policies relative to the Kihei–Makena region." The KMCP provides specifically, and this is not challenged by GATRI, that the subject parcel is intended for single-family residences. The Director's decision that GATRI's proposed snack bar was inconsistent with the KMCP did not meet any of the standards for reversal of an administrative agency decision under HRS § 91–14(g). Therefore, the circuit court erred in reversing the decision of the Director.[7]

Having made this determination, we necessarily overrule the second challenged proposition from *Protect Ala Wai*, namely that a proposed project is *per se* in conformity with the general plan if the project site was zoned prior to the adoption of the general plan and the proposed project is in accordance with the zoning. This proposition erroneously followed from the conclusion that the general plan does not have the force and effect of law. It is incorrect because it ignores the statutory mandate that the proposed development must be consistent with *both* the general plan *and* the zoning. Consistency with the zoning alone is insufficient.

It is unnecessary, as *Protect Ala Wai* appears to hold, for the county to rezone a parcel to conform to a change in the general plan in order to preempt the issuance of a SMA permit. The KMCP was adopted after extensive public input and enacted into law by the Maui County Council on July 17, 1985 as an amendment to section 2.80.050 of the Maui County Code. It is part of the general plan of Maui County. Therefore, it has the force and effect of law and a proposed development which is inconsistent with the KMCP may not be awarded an SMA permit without a plan amendment. Rezoning of the parcel is not necessary because the development must be consistent with both the general plan and the zoning. We therefore overrule *Protect Ala Wai* to the extent that it holds that a development in conformance with a zoning ordinance is *per se* in accordance with the general plan.

### III. CONCLUSION

For the foregoing reasons, we reverse the judgment of the circuit court and affirm the decision of the Director denying GATRI's SMA permit application.

---

actual wording in spite of [certain specific provisions]. While these provisions call for the adoption of guidelines by state agencies, they are devoid of a necessary specificity in direction that would allow the meaningful development of guidelines by the Board.... [T]he provisions of Chapter 344 are only hortatory.

7. HRS § 205A–26(2)(C) allows concurrent processing of an application where a general plan amendment may be required. GATRI did not request concurrent processing of its application. Therefore it was not erroneous for the Director to refuse to process GATRI's application.