Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001020
16-NOV-2012
10:10 AM

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---

RICHARD DANCIL, an individual,
Plaintiff-Appellant,
v.
ALAN ARAKAWA, AS MAYOR OF COUNTY OF MAUI;
OFFICE OF ECONOMIC DEVELOPMENT, COUNTY OF MAUI;
DEPARTMENT OF PLANNING, COUNTY OF MAUI;
LAHAINA TOWN ACTION COMMITTEE;
JOHN DOES 1-50; JANE DOES 1-50;
DOE CORPORATIONS, PARTNERSHIPS,
GOVERNMENTAL ENTITIES 1-50,
Defendants-Appellees,
and
NA MAKUA O'MAUI,
Plaintiff-Appellee

NO. CAAP-11-0001020

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 11-1-0788)

NOVEMBER 16, 2012

NAKAMURA, C.J., FOLEY AND GINOZA, JJ.

OPINION OF THE COURT BY FOLEY, J.

Plaintiff-Appellant Richard Dancil (Dancil), proceeding pro se, appeals from the December 9, 2011 Final Judgment entered

in the Circuit Court of the Second Circuit[1] (circuit court). The circuit court entered judgment in favor of Defendants-Appellees Alan Arakawa, as Mayor of County of Maui; Office of Economic Development, County of Maui (OED); Department of Planning, County of Maui (DOP); and Lahaina Town Action Committee (LTAC) (collectively, Defendants).

## I. BACKGROUND

On August 23, 2011, LTAC and OED submitted a Special Management Area Assessment Application to the DOP, seeking approval for a Halloween event (Event) in Lahaina. Because some of the event's activities and temporary structures would be within the Lahaina National Historic District, which is a designated Special Management Area (SMA), the DOP was required to conduct an assessment pursuant to Hawaii Revised Statutes (HRS) Chapter 205A (2001 Repl.), also known as the Coastal Zone Management Act (CZMA).

The CZMA imposes stringent permit requirements for "developments" within SMAs. HRS §§ 205A-28, 205A-26 (2001 Repl.). With respect to historic resources, the objectives of the coastal zone management program are to "[p]rotect, preserve, and, where desirable, restore those natural and manmade historic and prehistoric resources in the coastal zone management area that are significant in Hawaiian and American history and culture." HRS § 205A-2(b)(2)(A) (2001 Repl.). In implementing these objectives, agencies are required to give "full consideration to ecological, cultural, historic, esthetic, recreational, scenic, and open space values, and coastal hazards, as well as to needs for economic development." HRS § 205A-4(a) (2001 Repl.). The CZMA empowers the county authorities to adopt rules implementing procedures for issuing SMA permits for developments within SMAs. HRS § 205A-29(a) (2001 Repl.).

---

[1]     The Honorable Rhonda I.L. Loo presided.

In accordance with statutory mandates, the Maui Planning Commission's Special Management Area Rules (SMA Rule) set out the assessment and determination procedures for issuing SMA permits. SMA Rule § 12-202-12 requires evaluation of the value of the activity, a determination of whether the activity is a "development," and an assessment of any potential adverse environmental and ecological effects. SMA Rule § 12-202-12(d)(1). Upon reviewing the assessment application from LTAC and OED, the County of Maui's Director of Planning (Planning Director) concluded that the Event required an SMA minor permit.[2]

On August 30, 2011, the Planning Director issued an SMA permit for the Event. As required by HRS § 205A-30 (2001 Repl.), notice of the permit was transmitted to the State of Hawai'i Office of Environmental Quality Control (OEQC) and was published on September 23, 2011 in "The Environmental Notice," the OEQC's periodic bulletin. The Planning Director notified the Maui Planning Commission (MPC), as required by SMA Rule § 12-202-14, and the County Clerk posted an MPC agenda listing the permit issuance as an action item.

The Planning Director assessed the event under HRS Chapter 343 (2010 Repl. and Supp. 2011) because it involved the following "triggers": (1) use of county land or funds (HRS § 343-5(a)(1) (2010 Repl.)); (2) use of land within the shoreline area (HRS § 343-5(a)(3) and HRS § 205A-41 (2001 Repl.)); and (3) use of land within any historic site (including the Lahaina National Historic Landmark District). If an action triggers HRS Chapter 343, an environmental assessment (EA) must be conducted unless the proposed activity is declared exempt pursuant to HRS § 343-6 (2010 Repl.). HRS § 343-5(c).

---

[2]    HRS § 205A-22 (2001 Repl. and Supp. 2011) states an SMA minor permit may be issued for "an action by the authority authorizing development the valuation of which is not in excess of $500,000 and which has no substantial adverse environmental or ecological effect, taking into account potential cumulative effects."

3

HRS § 343-6(a)(2) defines exempt actions as those that "will probably have minimal or no significant effects on the environment," and Hawaii Administrative Rule (HAR) § 11-200-8 provides a list of exempt classes of action. The exemption list for the County of Maui, which has been submitted to and concurred with by the State of Hawaiʻi Environmental Council, tracks the HAR's exemption list. The Planning Director determined that the event was exempt from preparation of an EA because it fell under the exemption for "construction or placement of minor structures accessory to existing facilities."

The Planning Director also considered whether the Cultural Resources Commission (CRC) had jurisdiction over any part of the planned Event. The CRC's powers, which are established in Maui County Code Chapter 2.88, include approving or disapproving building permit and demolition permit plans and applications for activities that involve vending under the Banyan Tree Park, a county park located within the Lahaina historic district. Maui County Code 2.88.060. The Planning Director determined the Event did not involve any activities within the CRC's approval authority and decided a review by the CRC for the Event was not required.

SMA Rule § 12-202-26(a) provides, "[a]ppeal of the director's decision may be made to the commission by the filing of a notice of appeal with the department [of planning] . . . not later than ten days after the meeting at which the commission received notification of the director's decision." No appeal was filed by the deadline.

**Procedural History**

On October 21, 2011, Dancil and an organization called Na Makua Oʻ Maui[3] (Plaintiffs) filed a complaint in the circuit court objecting to the Event and seeking judicial review of the

_____

[3]       Na Makua Oʻ Maui did not file a notice of appeal.

Defendants' action.  The Plaintiffs asserted counts for "civil conspiracy" to circumvent review by the CRC; civil rights violations caused by holding the event without CRC review or an EA; fraudulent representation; violations of HRS §§ 343, 6E (2009 Repl.), and 711-1101 (Supp. 2011); and violations of the Equal Protection clauses of the Hawai'i Constitution and the United States Constitution.  The complaint requested injunctive relief, "[c]hange of venue of [the Event] from Lahaina Town District . . . to a more appropriate venue[,]" and general and punitive damages.

On October 25, 2011, the Plaintiffs filed an ex parte motion for a temporary restraining order (TRO) seeking to stay the Event.  The circuit court issued a TRO that same day and held a hearing on the motion on October 27, 2011.  At the hearing's conclusion, the circuit court ruled from the bench, dissolving the TRO and dismissing the action.

On November 3, 2011, the circuit court entered its "Findings of Fact, Conclusions of Law, Decision and Order" (FOFCOL) in favor of Defendants and against Plaintiffs.  The circuit court indicated it dismissed the case because "Dancil lacks standing, because a favorable decision is not likely to provide relief for the Plaintiff's alleged injury[]" and because "Plaintiffs failed to exhaust their administrative remedies by failing to appeal the Planning Director's decision."

The circuit court entered its Final Judgment on December 9, 2011 pursuant to the FOFCOL.  Dancil filed his notice of appeal from the FOFCOL on December 2, 2011.[4]  On appeal,

---

[4]    On October 24, 2012, Dancil filed a "Motion For a Stay," which asked this court to enjoin a scheduled 2012 Halloween event in Lahaina pending this appeal.  Dancil filed his motion only seven days before the scheduled event. Because Dancil failed to provide an adequate basis for his motion, we summarily denied his motion on October 29, 2012.  See Stop Rail Now v. De Costa, 120 Hawai'i 238, 243-44, 203 P.3d 658, 663-64 (App. 2008) (requiring party seeking injunction pending appeal to show: (1) the substantial likelihood of success on the merits; (2) the balance of irreparable harms

Dancil contends the circuit court erred in dismissing the case and denying injunctive relief.

## II. STANDARDS OF REVIEW

"Whether the circuit court has jurisdiction to hear the plaintiffs' complaint presents a question of law, reviewable <u>de novo</u>." <u>Right to Know Comm. v. City Council, City & Cnty. of Honolulu</u>, 117 Hawai'i 1, 7, 175 P.3d 111, 117 (App. 2007) (internal quotation marks and citations omitted).

## III. DISCUSSION

### A. Mootness

The Defendants contend this case is moot because the event at issue occurred on October 31, 2011, and the record is insufficient to allow analysis of future Halloween events. However, an exception to the mootness doctrine applies "when the question involved affects the public interest, and it is likely in the nature of things that similar questions arising in the future would likewise become moot before a needed authoritative determination by an appellate court can be made[.]" <u>Kona Old Hawaiian Trails Group v. Lyman</u>, 69 Haw. 81, 87, 734 P.2d 161, 165 (1987) (internal brackets and quotation marks omitted). We conclude Dancil's appeal retains vitality because the questions here are of public concern and, in the likely event they recur in the future, are of a nature that would likely become moot before they could be determined on appeal. <u>See</u> <u>Id.</u> at 87-88, P.2d at 165-66 (concluding challenge to SMA permit issuance was not moot, even if all of the work sanctioned by the permits was finished by the time of appeal).

---

favors issuance of the injunction; and (3) the public interest supports granting the injunction). On October 30, 2012, Dancil filed a motion for reconsideration of our order denying his request for an injunction pending appeal, which we also summarily denied that same day.

B.  Primary Jurisdiction

The circuit court concluded the Plaintiffs had failed to exhaust their administrative remedies by failing to appeal the Planning Director's decision to the MPC.  The circuit court cited Kona Old, 69 Haw. 81, 734 P.2d 161, a case in which the plaintiff's noncompliance with available administrative remedies resulted in the Hawai'i Supreme Court's affirmance of the trial court's dismissal of the case pending agency review.  In that case, Kona Old, an association of Kona residents, objected to the planning director's issuance of an SMA minor permit.  The Hawai'i County Charter specifically provided an administrative procedure under which all actions of the planning director were appealable to the county Board of Appeals.  However, Kona Old did not avail itself of this opportunity for an agency hearing and sought judicial review from the circuit court of the director's action.

The supreme court's reasoning explained the related doctrines of exhaustion of administrative remedies and primary jurisdiction.  Both are doctrines of comity outlining the relationship between courts and administrative agencies. Exhaustion applies where a claim is "cognizable in the first instance by an administrative agency alone[.]"  Id. at 93, 734 P.2d at 169.  On the other hand, "[p]rimary jurisdiction applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body." Id. at 93, 734 P.2d at 168 (internal quotation marks, ellipsis, and brackets omitted).  In such cases, "the judicial process is suspended pending referral of such issues to the administrative body for its views."  Id. at 93, 734 P.2d at 168 (internal quotation marks omitted).

In Pavsek v. Sandvold, 127 Hawai'i 390, 400, 279 P.3d

55, 65 (App. 2012), this court read <u>Kona Old</u> as applying the primary jurisdiction doctrine. In <u>Kona Old</u>, the supreme court noted HRS § 205A-6 (2001 Repl.), which creates a private right of action to enforce agency compliance with the CZMA, "seemingly describes a claim 'originally cognizable in the courts,'" and the exhaustion of remedies doctrine does not apply to claims originally cognizable in the courts. <u>Kona Old</u>, 69 Haw. at 93, 734 P.2d at 169. The question in this case is whether claims Dancil asserts are originally cognizable in the circuit court. We conclude that <u>Kona Old</u> controls our disposition, and the doctrine of primary jurisdiction warrants dismissal.

All of Dancil's claims are based on the Planning Director's decision to issue the August 30, 2011 SMA permit for the Event. The Maui County Charter and the SMA rules provide an express procedure for appealing the Planning Director's decision to issue the permit. We note that in <u>GATRI v. Blane</u>, 88 Hawai'i 108, 111-12, 962 P.2d 367, 370-71 (1998), the supreme court examined the Maui County Charter and SMA rules and held that there was no express procedure for appeal of the Planning Director's decision on a minor permit application to the MPC. However, the relevant SMA Rules have been amended since <u>GATRI</u>. At the time the court decided <u>GATRI</u>, SMA Rule 12-202-14 stated, "The [Planning Director] shall approve, approve with conditions, or deny [an SMA minor] permit in accordance with the guidelines in HRS section 205A-26, as amended. Any final decision shall be transmitted to the applicant in writing." <u>Id.</u> at 111, 962 P.2d at 370. Based on this language, the supreme court concluded:

> The [MPC] has delegated the authority to render a final decision on a minor permit application to the [Planning Director]. The [Planning Director] is required to *notify* the Commission of permits which he has granted. Based on [<u>Hawai'i's Thousand Friends v City and County of Honolulu</u>, 75 Haw 237, 858 P.2d 276 (1993)], we hold that, under this scheme, the circuit court had jurisdiction over this appeal of a final decision of the [Planning Director.]

Id. at 112, 962 P.2d at 371.

In contrast, SMA Rule § 12-202-14(b) currently states, "Any final decision shall be transmitted to the applicant in writing and *shall be appealable* [to the MPC] pursuant to section 12-202-26"[5] (emphasis added). This addition creates an express procedure for appealing the Planning Director's decisions on an SMA minor permit application to the MPC. The record in this case does not indicate that recourse to this procedure would be futile or impractical.

As in Kona Old, this case involves judicial intervention in matters that have been placed "within the special competence of the [DOP]." Kona Old at 93, 734 P.2d at 169 (internal quotation marks omitted). The Hawai'i State Legislature delegated responsibility for administering the CZMA and its SMA provisions to the county planning commissions, and the County of Maui has specifically delegated "all matters relating to the Coastal Zone Management law," including the issuance of SMA minor permits, to the MPC. HRS § 205A-22; Maui County Charter § 8-8.4.

Based on the complaint allegations in this case, we conclude Dancil's claim, as in Kona Old, "involves the issuance of a special management area minor permit, and its enforcement requires the resolution of issues which, under the regulatory scheme, have been placed within the special competence of the [DOP]." Kona Old, 69 Haw. at 93, 734 P.2d at 169 (internal quotation marks and brackets omitted). Accordingly, judicial intervention in the administrative process should not precede the

---

[5] SMA Rule 12-202-26 states: "Appeal of the director's decision may be made to the commission by the filing of a notice of appeal with the department not later than ten days after the receipt of the director's written decision, or, where the director's decision is not required by the commission or these rules to be served upon appellant, not later than ten days after the meeting at which the commission received notification of the director's decision."

resolution by the MPC of the question of whether the Planning Director's action in issuing the minor permit was proper. Id.

The plaintiff in Kona Old invoked HRS § 205A-6, which creates a cause of action for enforcing the CZMA, and claimed the planning director had violated the CZMA, breached the public trust, and disturbed traditional public easement rights by improvidently granting an SMA minor permit. Kona Old, 69 Haw at 86, 734 P.2d at 164. Here, although Dancil did not specifically allege a violation of the CZMA and did not invoke HRS § 205A-6 as the basis for his entitlement to file suit, the complaint makes clear that similar to the situation in Kona Old, Dancil is challenging the administrative process by which the SMA minor permit was issued. Dancil's allegations include, *inter alia*, that: (1) the Defendants "circumvent[ed] the [CRC] review process, and obtain[ed] a permit for [the Event], in a deceptive and [sic] manner, in order to avoid such review," (2) "false representations by Defendants have been made in order to accomplish their objective of sponsoring [the Event,]" and (3) "no appropriate review by competent authorities with proper procedural safeguards[] has taken place." In addition, Dancil did explicitly and timely allege the lack of a required environmental assessment that gave the circuit court jurisdiction of that claim under HRS § 343-7.

Dancil also asserted violations of rights under the Hawai'i Constitution and the United States Constitution. We acknowledge that deference to an agency is inappropriate in cases "in which the constitutionality of the agency's rules and procedures is challenged and questions are raised as to whether the agency has acted within the scope of its authority. The agency is not empowered to decide these questions of law." Aged Hawaiians v. Hawaiian Homes Comm'n, 78 Hawai'i 192, 202, 891 P.2d

279, 289 (1995). However, "a fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them." Hawai'i Gov't Emp. Ass'n, AFSCME Local 152 v. Lingle, 124 Hawai'i 197, 208, 239 P.3d 1, 12 (2010) (internal quotation marks omitted). Dancil cannot bypass the agency's review process by simply characterizing the issues as a violation of constitutional rights. Here, a determination by the MPC that the Defendants failed to follow proper procedure for the SMA minor permit would avoid the necessity of a constitutional determination.[6] Therefore, the administrative remedy should be pursued first.

Applying primary jurisdiction "conserves scarce judicial resources by allowing an administrative agency with expertise to decide the predicate issues." Jou v. Nat'l Interstate Ins. Co. of Hawai'i, 114 Hawai'i 122, 128, 157 P.3d 561, 567 (App. 2007). The question of whether the Planning Director followed the proper procedures in issuing the permit is a question that is within the MPC's special competence, and the Maui County Charter and SMA Rules provide a process to address this type of question. The agency's resolution may reveal that there is no basis for Dancil's claim or may satisfy Dancil and obviate the need to further pursue his claims. See Id. Even if the MPC ultimately upheld the Defendants' actions, the administrative proceedings would produce information relevant and useful to judicial review.

Our concern, as in Kona Old, "is with the timing of the request for judicial relief." Kona Old, 69 Haw. at 93, 734 P.2d

---

[6] Dancil's complaint is inartfully crafted containing other claims that may or may not be cognizable at all; but since we affirm the circuit court's dismissal of Dancil's complaint, albeit for different reasons, we need not address every claim.

at 169.   By requiring Dancil to first pursue resolution with the Planning Director and the MPC,

> [u]niformity and consistency in the regulation of business entrusted to a particular agency are secured, and the limited functions of review by the judiciary are more rationally exercised, by preliminary resort for ascertaining and interpreting the circumstances underlying legal issues to agencies that are better equipped than courts by specialization, by insight gained through experience, and by more flexible procedure.

Id.

After pursuing the available administrative remedies, Dancil would eventually be entitled to judicial review pursuant to HRS § 91-14 (1993 and Supp. 2011).   The Maui Planning Commission's Rules of Practice and Procedure § 12-201-32 provides: "Final decisions of the commission may be appealed pursuant to chapter 91, HRS, as amended."   Administrative agencies have the authority to preliminarily review and determine the propriety of its own actions, so long as that determination is subject to a "check" by subsequent judicial review.   This is not a case in which the agency would render a final *unreviewable* determination on the propriety of its own actions under the law. See Alakai Na Keiki, Inc. v. Matayoshi, 127 Hawai'i 263, 282, 286 n 50, 277 P.3d 988, 1007, 1011 n 50 (2012).

Where the doctrine of primary jurisdiction applies, the court has the "discretion either to retain jurisdiction [and stay the proceedings] or, if the parties would not be unfairly disadvantaged, to dismiss the case without prejudice."   Reiter v. Cooper, 507 U.S. 258, 268-69, 113 S.Ct. 1213, 1220 (U.S.N.C. 1993).   Nothing in the record suggests the circuit court abused its discretion in choosing to refrain from exercising jurisdiction, and therefore we affirm the circuit court's dismissal.

## IV.  CONCLUSION

Based on the above, the December 9, 2011 Final Judgment entered in the Circuit Court of the Second Circuit is affirmed.


On the briefs:

Richard Dancil
Plaintiff-Appellant pro se.

Jane E. Lovell
Moana M. Lutey
Deputies Corporation Counsel
County of Maui
for Defendants-Appellees
Alan Arakawa, as Mayor of
County of Maui; Office of
Economic Development, County
of Maui; Department of
Planning, County of Maui.

E. John Bain
Steven Guttman
Miriah Holden
(Kessner Umebayashi Bain &
Matsunaga)
for Defendant-Appellee
Lahaina Town Action Committee.

13