**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000115**
**08-MAR-2024**
**07:54 AM**
**Dkt. 119 SO**

NO. CAAP-18-0000115

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CON NGUYEN and LINDA N. NGUYEN, Trustees under the
Con Nguyen and Linda N. Nguyen Trust dated
May 17, 1993; DEREK CAMERON BORISOFF and KRISTI
LYNN BORISOFF, Trustees under the Derek Cameron
Borisoff and Kristi Lynn Borisoff Revocable Trust
dated August 9, 2006, Appellants-Appellants,
v.
BOARD OF APPEALS, COUNTY OF HAWAII;
PLANNING DIRECTOR, COUNTY OF HAWAII;
KOLEA OWNERS' ASSOCIATION, INC.,
Appellees-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 17-1-111K)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and Nakasone, JJ.)

Appellants-Appellants Con Nguyen and Linda N. Nguyen,

Trustees under the Con Nguyen and Linda N. Nguyen Trust dated May

17, 1993 (the **Nguyens**), and Derek Cameron Borisoff and Kristi

Lynn Borisoff, Trustees under the Derek Cameron Borisoff and

Kristi Lynn Borisoff Revocable Trust dated August 9, 2006 (the

**Borisoffs**), (collectively, **Appellants**) appeal from the February

6, 2018 Final Judgment (**Judgment**) entered in favor of Appellees-

Appellees the Board of Appeals, County of Hawaiʻi (**Board of

Appeals**), the Planning Director, County of Hawaiʻi (**Planning**

**Director**), and the Kolea Owners' Association, Inc. (**Kolea HOA**) in the Circuit Court of the Third Circuit (**Circuit Court**).[1] Appellants also challenge the Circuit Court's December 7, 2017 Findings of Fact [(**FOFs**)], Conclusions of Law [(**COLs**)], and Order Affirming the Board Of Appeals (**Order Affirming**).

Appellants raise nine points of error on appeal, contending that the Circuit Court erred when it: (1) applied the wrong standard of review and gave deference to the wrong planning official; (2) found that the subject "view plane corridor" is not adequately defined; (3) concluded that an "open space" writing on a subdivision plat for Lot 22 of the Kolea Subdivision has no legal effect; (4) concluded that the Planning Director may interpret a condition in a Special Management Area (**SMA**) permit under planning commission rules without notice to, review by, and approval of the planning commission that first issued the permit; (5) concluded that Planning Commission Rules of Practice and Procedure Rule 9-10 is the applicable procedure for Kolea HOA to obtain the Pool Annex approval; (6) determined that the Pool Annex is consistent with SMA Permit 25; (7) failed to address any effect from the settlement in BOA 15-000156 on the Board of Appeals's decision; (8) affirmed the decision of the Board of Appeals; and (9) based the Judgment on errors of law and/or clearly erroneous facts.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the

---

[1] The Honorable Melvin H. Fujino presided.

relevant legal authorities, we address the points of error as follows:

(1) Regarding a circuit court's standard for reviewing an agency's action, the Hawaiʻi Supreme Court has held:

> When determining whether an agency abused its discretion pursuant to HRS § 91-14(g)(6), the [circuit] court must first "determine whether the agency determination under review was the type of agency action within the boundaries of the agency's delegated authority." Paul's Elec. Serv., 104 Hawaiʻi at 417, 91 P.3d at 499. If the determination was within the agency's realm of discretion, then the court must analyze whether the agency abused that discretion. Id. If the determination was not within the agency's discretion, then it is not entitled to the deferential abuse of discretion standard of review. Id.
>
> In regards to the abuse of discretion standard of review, this court has held that "[a]gency determinations, even if made within the agency's sphere of expertise, are not presumptively valid; however, an agency's discretionary determinations are entitled to deference, and an appellant has a high burden to surmount that deference[.]" Id. at 419, 91 P.3d at 501.

Kolio v. Haw. Pub. Hous. Auth., 135 Hawaiʻi 267, 271, 349 P.3d 374, 378 (2015).

To the extent that the Circuit Court's COLs are inconsistent with this standard, the Circuit Court erred. Notwithstanding that error, the Circuit Court correctly articulated the clearly erroneous standard with respect to the agency's FOFs, and the *de novo* review standard to COLs.

On this secondary appeal, this court applies the following standard:

> Review of a decision made by the circuit court upon its review of an agency's decision is a secondary appeal. The standard of review is one in which this court must determine whether the circuit court was right or wrong in its decision, applying the standards set forth in [Hawaii Revised Statutes (**HRS**) § 91-14(g) (2012)] to the agency's decision.

Paul's Elec. Serv., Inc. v. Befitel, 104 Hawaiʻi 412, 416, 91 P.3d 494, 498 (2004) [] (quoting Korean Buddhist Dae Won Sa Temple of Hawaii v. Sullivan, 87 Hawaiʻi 217, 229, 953 P.2d 1315, 1327 (1998)).

Flores v. Bd. of Land & Nat. Res., 143 Hawaiʻi 114, 120–21, 424 P.3d 469, 475–76 (2018).

Thus, this court applies the same standards as applicable to the Circuit Court's review of the Board of Appeals' decision, with questions of fact being reviewed using the clearly erroneous standard, conclusions of law being freely reviewed, and to the extent a determination is within the agency's realm of discretion, utilizing an abuse of discretion standard. See Kolio, 135 Hawaiʻi at 271, 349 P.3d at 378.

Here, Appellants contend that Planning Director Duane Kanuha (**Director Kanuha**) had no authority and no discretion to interpret SMA Permit 25, but that such authority belonged to the planning commission that issued the permit. Appellants also argue that Director Kanuha had no authority to allegedly alter the Kolea Subdivision plat at issue here. Rather, Appellants submit, former Planning Director Christopher J. Yuen (**Former Director Yuen**) had the (sole) authority and discretion to administer the SMA law in 2002 under HRS §§ 205A-4(b) (2017), 205-5(b) (2017).[2]

---

[2] HRS § 205A-4 provides:

> **§ 205A-4 Implementation of objectives, policies, and guidelines.** (a) In implementing the objectives of the coastal zone management program, the agencies shall give full consideration to ecological, cultural, historic, esthetic, recreational, scenic, and open space values, and coastal hazards, as well as to needs for economic development.
> (b) The objectives and policies of this chapter and any guidelines enacted by the legislature shall be binding upon actions within the coastal zone management area by all agencies, within the scope of their authority.

(continued...)

However, both Former Director Yuen and Director Kanuha served as Planning Director for the County of Hawaiʻi. The task of implementing State policy under The Coastal Zone Management Act, HRS Chapter 205A, "has been delegated in large part to the counties, and they are responsible for the administration of the special management area use permit procedure and requirements." Kona Old Hawaiian Trails Grp. By & Through Serrano v. Lyman, 69 Haw. 81, 88, 734 P.2d 161, 166 (1987) (citing Mahuiki v. Plan. Comm'n, 65 Haw. 506, 517, 654 P.2d 874, 881 (1982)).

The 2014 Charter of the County of Hawaiʻi (**CCH**) provides for the creation of the Planning Department, which consists of the Planning Director and the two planning commissions, along with necessary staff. See CCH § 6-7.1.[3] The Planning Director is appointed by the mayor as the "chief planning officer" of the County and the administrative head of the Planning Department. See CCH § 6-7.2(a)-(b). The Planning Director's duties are provided in the CCH and include, *inter alia*, that the Planning Director shall:

---

[2](...continued)
HRS § 205A-5 provides:

> **§ 205A-5 Compliance.** (a) All agencies shall ensure that their rules comply with the objectives and policies of this chapter and any guidelines enacted by the legislature.
> (b) All agencies shall enforce the objectives and policies of this chapter and any rules adopted pursuant to this chapter.

[3] CCH § 6-7.1 provides:

> **Section 6-7.1. Organization.**
>
> There shall be a planning department consisting of a planning director, a windward planning commission, a leeward planning commission and the necessary staff.

> (1)    Advise the mayor, the windward planning commission,
>        the leeward planning commission and the council on all
>        planning and land use matters.
>
> . . . .
>
> (6)    Render decisions on proposed subdivision plans
>        pursuant to law.
>
> (7)    Make recommendations on rezoning applications, special
>        exceptions and other similar requests.
>
> (8)    Render decisions on proposed variances pursuant to
>        law, except that, if any written objections are made
>        to the planning director's actions under this section,
>        said actions shall be subject to review by the board
>        of appeals in accordance with Section 6-9.2, unless
>        otherwise provided by law or this charter.
>
> (9)    Perform such other related duties and functions as may
>        be necessary or required pursuant to law and this
>        charter.

CCH § 6-7.2(b)(1), (6)-(9).[4]

The CCH also provides for the duties and functions of

the planning commissions, which shall:

> (1)    Advise the mayor, council and the planning director on
>        planning and land use matters pursuant to law and this
>        charter.
>
> (2)    Review the general plan, its amendments and other
>        plans and modifications thereof and transmit such
>        plans with recommendations thereon through the mayor
>        to the council for consideration and action.
>
> (3)    Review proposed subdivision and zoning ordinances and
>        amendments thereto and transmit such ordinances with
>        recommendations thereon through the mayor to the
>        council for consideration and action.
>
> . . . .
>
> (5)    Perform such other related duties and functions as may
>        be necessary or required pursuant to law and this
>        charter.

CCH § 6-7.5(a)(1)-(3), (5).  In addition, subsection (b) states

that "[a] uniform body of rules of practice and procedure . . .

shall apply to both commissions."  CCH § 6-7.5(b).

---

[4]    The Board of Appeals has jurisdiction to hear appeals from the
Planning Director's decisions.  CCH § 6-9.2(a).

The County of Hawaiʻi Planning Commission Rules of Practice and Procedure (**Commission Rules**) define "Department" as "the Planning Department" and "Director" to mean "the Planning Director." Commission Rule 1.3(i), (j). Commission Rules "RULE 9. SPECIAL MANAGEMENT AREA" include, *inter alia*:

9-1 Authority

> Pursuant to authority conferred by [HRS Chapter 205A], **the rule hereinafter contained is hereby established and shall apply to all lands within the Special Management Area of the County of Hawaiʻi**.

. . . .

9-4 Definitions

> For the purpose of this rule, unless it is plainly evident from the content that a different meaning is intended, certain words and phrases used herein are defined as follows:
>
> (a)     "Assessment" means **an evaluation by the Department of a proposed use**, activity, or operation to determine whether a Special Management Area Use Permit is required.
>
>     . . . .

9-5 Special Management Area

> Special Management Area of the County shall be as delineated on such maps filed with the Authority . . .

. . . .

9-9 Authority of the Department in the Special Management Area

> **All development within the Special Management Area shall be administered through the Department under this rule** pursuant to the objectives and policies and the Special Management Area guidelines as provided by Chapter 205A, HRS.

9-10 Assessment

> (a)     **The Department shall assess all uses, activities or operations** proposed in the Special Management Area except in cases in which the applicant determines that the proposed use, activity or operation will: a) exceed $125,000 in valuation; or b) have a cumulative impact, or a significant adverse environmental or ecological effect on the Special Management Area. In this case, the assessment procedures may be waived and the applicant shall petition the Commission for a Special Management Area Use Permit pursuant to Section 9-11.

> (b) For proposed uses, activities or operations that are subject to an assessment, the applicant shall submit to the Department a Special Management Area Assessment (SMAA) on a form prepared by the Department. . . .
>
> . . . .
>
> (c) **The Director shall assess the proposed use, activity or operation**[.]

(Emphasis added); see also Commission Rule 9-10(d)-(i) (detailing the Planning Director's specific duties to act on applications under various conditions).

There is no dispute here that SMA Permit 25 applies to all of the Waikoloa Beach Resort, nor that the Kolea Subdivision is within the Waikoloa Beach Resort. Accordingly, Director Kanuha was acting within his delegated authority in assessing whether Kolea HOA's proposed Pool Annex on Lot 22 was in compliance with SMA Permit 25. See Commission Rules 9-9, 9-10; see also Kolio, 135 Hawaiʻi at 271, 349 P.3d at 378 (citing Paul's Elec. Serv., 104 Hawaiʻi at 417, 91 P.3d at 499). Director Kanuha's factual determinations concerning whether the proposed Pool Annex was consistent with SMA Permit 25 were subject to review for clear error and his discretionary decisions were reviewable under the deferential abuse of discretion standard. See Kolio, 135 Hawaiʻi at 271, 349 P.3d at 378.

Appellants' argument that Former Director Yuen "fixed" Lot 22 as "open space" in part of a view corridor, and Director Kanuha then exceeded his authority by changing that dedication is not factually supported by the record.

We conclude that Appellants' first point of error is without merit.

(2 & 3) Appellants contend that the Circuit Court clearly erred concerning the findings on the view plane corridor because documents in the record otherwise defined the corridor. Appellants point to alleged setbacks in the Planning Commission's Partial Planned Unit Development (**PUD**) Permit 13 and PUD Permit 12 as evidence of a defined view corridor. PUD Permit 14 revised PUD Permit 13 and required, among its conditions, that any hotel on Parcel 8 would "be set back between 74+- and 117+- feet from the side property lines." PUD Permit 12 found that any proposed six-story hotel on Parcel 9&10 would "have to be set back from between 56 feet and 129 feet from the side property lines," instead of the usual 18-foot setback for a hotel, and conditioned the permit on, *inter alia*, public shoreline access with related parking at the mauka-end of the parcel. However, PUD Permit 12 contains no specific condition detailing a property line setback. Two later easements on Lot 22 provided space for the public parking and shoreline access. Appellants' argument that PUD Permit 12 defined a view corridor on Parcel 9&10 that included Lot 22 is not supported by the record. None of PUD permits 12, 13, or 14 affirmatively set specific areas for establishing a view corridor but, rather, set limitations against how close to the property boundary a six-story hotel could be built on Parcel 8 and how far from the property line any hotel on Parcel 9&10 could have been built.

Appellants point to Former Director Yuen's 2002 approval of the Kolea Subdivision plat as fixing "the location of the 'view plane corridor' on Lot 22" due to the words "open

space" written on Lot 22 on the plat. Appellants contend Director Kanuha then "altered" such dedication of the view plane open space when he approved the Pool Annex. However, Director Kanuha testified before the Board of Appeals that there was never an "open space" restriction on Lot 22. Director Kanuha testified that if the Planning Department wanted to designate an area of a subdivision as open space it would include the designation as a condition for approval, which would have to be based on some criteria and not be made arbitrarily. Deputy Director Daryn Arai (**Deputy Director Arai**) testified that the "open space" writing on a Kolea Subdivision plat had apparently been put there by the developer, and that the Planning Department had not required an open space dedication of Lot 22. Director Kanuha further testified that a notation on a plat would not change the underlying zoning or the permitted uses. There is no evidence that Former Director Yuen intended to require the dedication of Lot 22 as open space and "fixed it" through his approval of the Kolea Subdivision plat.

Appellants further argue that Hawaiʻi County Code § 23-69(9) supports their argument that the notation on the plat is controlling. However, that section requires that land parcels that are dedicated for any purpose must be shown on the final plat and does not provide that anything written on a plat thus becomes controlling.

(4) Appellants contend that the Circuit Court erred in concluding that the Planning Director may interpret a condition in an SMA permit under Commission Rule 9 without notice to,

10

review by, and approval of the commission that first issued the permit. The Commission Rules include:

> 9-9 <u>Authority of the Department in the Special Management Area</u>
>
> > **All development within the Special Management Area shall be administered through the Department under this rule** pursuant to the objectives and policies and the Special Management Area guidelines as provided by Chapter 205A, HRS.
>
> 9-10 <u>Assessment</u>
>
> > . . . .
> >
> > (b)  For proposed uses, activities or operations that are subject to an assessment, the applicant shall submit to the Department a Special Management Area Assessment (SMAA) on a form prepared by the Department. . . .
> >
> > (c)  **The Director shall assess the proposed use, activity or operation** upon the applicant's compliance with Section 9-10B based on the following criteria:
> >
> > > (1)  The valuation of the proposed use, activity or operation.
> > >
> > > (2)  The potential effects and significance of each specific circumstance of the use, activity or operation, according to the criteria of substantial adverse effect established by Section 9-10H.
> >
> > . . . .
> >
> > (h)  Criteria of Substantial Adverse Effect
> >
> > > In considering the significance of potential environmental effects, the Director shall consider the sum of those effects that adversely affect the quality of the environment and shall evaluate the overall and cumulative effects of the action.
> > >
> > > A 'substantial adverse effect' is determined by the specific circumstances of the proposed use, activity or operation. In determining whether a proposal may have a substantial adverse effect on the environment, the Director shall consider every phase of a proposed action and expected consequences, either primary or secondary, or the cumulative as well as the short or long-term effect of the proposal. The Director should bear in mind that in most instances, the following factors of a proposal, although not limited to same, may constitute a substantial adverse effect on the environment when the proposed use, activity or operation:
> > >
> > > . . . .

11

(10) is contrary to the objectives and policies of the Coastal Zone Management Program and the Special Management Area Guidelines of Chapter 205A, HRS.

(Emphasis added).

Based on the above, we conclude that the Circuit Court was not wrong in concluding that the Commission Rules delegated authority for enforcing and ensuring compliance with SMA Use Permits to the Planning Director.

As noted above, SMA Permit 25 is a master permit covering the entire Waikoloa Beach Resort of which the Kolea Subdivision is a part. Kolea HOA filed an SMA use permit application seeking approval from the Planning Director for the Pool Annex under SMA Permit 25. The Planning Director's duties include assessing applications, such as the one for the Pool Annex, to determine if they comply with the SMA master permit such as SMA Permit 25 here. Commission Rules 9-9, 9-10(b)-(c). Therefore, the Circuit Court did not err in concluding that the Planning Director acted within his authority and properly exercised his discretion here.

(5) Appellants similarly contend that Commission Rule 9-10 was not the proper vehicle to address whether the construction of the Pool Annex on Lot 22 was consistent with SMA Permit 25. However, as previously discussed, Former Director Yuen's approval of the final plat for the Kolea Subdivision in 2002 did not designate Lot 22 as open space that could not be improved. Contrary to Appellants' argument, none of Hawaiʻi County Code § 23-75, Commission Rule 3, or HRS § 91-8 apply because Director Kanuha's approval of the Pool Annex was not a

12

change to Lot 22 from "open space." The Circuit Court did not err in concluding that Commission Rule 9-10 was the proper procedure for the Planning Director to assess Kolea HOA's application for the Pool Annex.

(6) Appellants argue that because the "open space" designation for Lot 22 is legally binding, the Circuit Court erred in concluding that the Pool Annex is consistent with SMA Permit 25. As we have rejected Appellants' argument that Lot 22 was designated as open space, we conclude that this argument is without merit.

(7) Appellants argue that the Circuit Court failed to address the effect that the settlement had in BOA 15-000156 on the Board of Appeals' decision below. Appellants do not provide, and the record does not show, how the Board of Appeals' reference to the settlement in BOA 15-000156 was for any other reason than reciting the procedural history of this matter. There is no indication that the settlement factored into the board's decision. This point of error is without merit.

(8 & 9) For the reasons stated above, we reject Appellants' contention that the Circuit Court erred in affirming the decision of the Board of Appeals, as well as Appellants' contention that the Circuit Court based the Judgment on clearly erroneous facts and errors of law.

Accordingly, the Circuit Court's February 6, 2018 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, March 8, 2024.

On the briefs:                          /s/ Katherine G. Leonard
                                        Acting Chief Judge
Michael J. Matsukawa,
for Appellants-Appellants.              /s/ Clyde J. Wadsworth
                                        Associate Judge
D. Kaena Horowitz,
Amy G. Self,                            /s/ Karen T. Nakasone
Deputies Corporation Counsel,           Associate Judge
Office of the Corporation Counsel,
County of Hawaiʻi,
for Appellees-Appellees
  BOARD OF APPEALS, COUNTY OF
  HAWAII; PLANNING DIRECTOR,
  COUNTY OF HAWAII.

Robert H. Thomas,
(Damon Key Leong Kupchak Hastert)
for Appellees-Appellees
  KOLEA OWNERS' ASSOCIATION, INC.